**CORCORAN v. COLUMBIA BROADCAST-
ING SYSTEM, Inc., et al.**

No. 9664.

Circuit Court of Appeals, Ninth Circuit.

June 30, 1941.

Blase A. Bonpane, of Hollywood, Cal., for appellant.

Frederick Leuschner and Richard Harper Graham, both of Los Angeles, Cal., for appellee Montgomery Ward & Co.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a judgment awarding attorneys' fees in a suit for infringement of copyright, the allowance being made under the claimed authority of § 40 of the Copyright Act (Act of March 4, 1909, c. 320, 35 Stats. 1084, 17 U.S.C.A. § 40), providing that the court "may award to the prevailing party a reasonable attorney's fee as part of the costs."

Appellant was the plaintiff below. The defendants (appellees) filed a motion to dismiss and "for a further and better statement of particulars." In effect the motion to dismiss was denied, but the application for a more particular statement was granted with leave to appellant to amend within a stated time. Appellant did not amend, and within the time specified he moved for a voluntary dismissal. The court ordered "that the motion of the plaintiff to dismiss be granted with allowance of costs to the defendants and such attorneys' fees as may be hereafter awarded", and the matter of attorney's fees was ordered reserved until after the trial or dismissal of a companion infringement suit in which appellant was plaintiff.[1] The latter case terminated in a

---

[1] The other case was said to be a consolidation of two cases.

dismissal and was the subject of an independent appeal. Corcoran v. Montgomery Ward & Co. et al., 9 Cir., 121 F.2d 572, decided June 28, 1941.

Following the dismissal in the suit just mentioned, the court turned its attention to the matter of attorneys' fees in the present suit. Concluding that the suit had been filed "without justification, either in law or in fact", the court awarded each of the defendants an attorney's fee of $400. The appeal followed.

Appellant claims that in view of his voluntary dismissal without prejudice, appellees were not "the prevailing party" within the meaning of the statute; hence the court lacked power to make an award of attorneys' fees. We think this is too narrow an interpretation of the statute. The authority given is not in terms limited to the allowance of fees to a party who prevails only after a trial on the merits. Where, as here, a defendant has been put to the expense of making an appearance and of obtaining an order for the clarification of the complaint, and the plaintiff then voluntarily dismisses without amending his pleading, the party sued is the prevailing party within the spirit and intent of the statute even though he may, at the whim of the plaintiff, again be sued on the same cause of action. Compare Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460; Cohan v. Richmond, 2 Cir., 86 F.2d 680.

Appellant says that since the work done by counsel for appellees in the present case would have been done in any event in the companion case, the allowance of fees in this instance was an abuse of discretion. In the other suit referred to a motion for the allowance of counsel fees was denied, the court observing that that action "was filed in good faith and that defendant's motion to dismiss was sustained upon a question of law not heretofore passed upon in the reported decisions." Corcoran v. Montgomery Ward & Co., D. C., 32 F.Supp 422.

Each case involved the claimed infringement of the same allegedly copyrighted work, so that much of the work done by appellees' counsel in the present case was no doubt of help to them in the defense of the other suit. There was, however, a substantial difference in the cases in respect of the allegations claimed to show the existence of a valid copyright. Without discussing the difference, it is enough to say that probably some investigation was necessary in the present case which the other did not entail. And aside from these considerations counsel necessarily expended some time and effort merely in appearing and resisting the suit prior to its voluntary dismissal.

An allowance of attorneys' fees was within the sound discretion of the trial court and we think there was no abuse of discretion.

Affirmed.