James MILES, Plaintiff–Appellant,

v.

**STATE OF CALIFORNIA,**
Defendant–Appellee.

No. 01–17040.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2003.*

Filed Feb. 19, 2003.

As Amended March 4, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

John Houston Scott, Attorney, The Scott Law Firm, San Francisco, CA, for the appellant.

James E. McFetridge, Supervising Deputy Attorney General for the State of California, Sacramento, CA, for the appellee.

Before SILVERMAN, GOULD, Circuit Judges, and WEINER,** District Judge.

## OPINION

GOULD, Circuit Judge.

[1] The issue presented is whether the district court properly granted costs pursuant to Federal Rule of Civil Procedure 54(d) after an Americans with Disabilities Act (ADA) claim was dismissed without prejudice to assertion of state law claims because the ADA claim was barred under the Eleventh Amendment.[1]

---

** The Honorable Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. At the request of the State, and absent objection from Miles, we have taken judicial notice, pursuant to Fed.R.Evid. 201(d), of (1) Appellant's Notice of Appeal and Request to Prepare Reporter's Transcript, and (2) the Court's Order After Issuance of Writ of Mandate and Judgment of Dismissal, filed in the Solano County Superior Court on July 5, 2002, in the matter entitled *Miles v. Cal.*, No. FCS 017325. However, these properly noticed public records do not affect our decision.

## I

In 1997, Plaintiff James Miles filed a lawsuit in the Eastern District of California against the State of California ("State") alleging disability discrimination and retaliation in violation of the ADA, 42 U.S.C. § 12101. On July 24, 1999, the district court granted the State's motion for summary judgment and entered a final judgment. Miles appealed.

While Miles' case was before us on appeal, the Supreme Court held that federal court suits for money damages against a state alleging failure to comply with the ADA were barred by the Eleventh Amendment. *Bd. of Trs. v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). In light of *Garrett,* we ordered the district court to vacate its earlier judgment and dismiss Miles' case "for lack of jurisdiction under the Eleventh Amendment, without prejudice to Miles' right to seek any available relief in state court."

After the case was dismissed by the district court, the State submitted a bill of costs to the district court. Miles objected. The district court awarded costs to the State on September 25, 2001 in the amount of $12,238.64. This appeal follows.

## II

■ The district court's award of costs is reviewed for abuse of discretion. *See Sea Coast Foods, Inc. v. Lu–Mar Lobster and Shrimp Inc.,* 260 F.3d 1054, 1058 (9th Cir.2001). If an exercise of discretion is based on an erroneous interpretation of the law, the ruling should be overturned. *In re Arden,* 176 F.3d 1226, 1228 (9th Cir.1999).

■ Fed.R.Civ.P. 54(d)(1) provides:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Because Rule 54(d)(1) states that costs "shall" be allowed "as of course," there is a strong presumption in favor of awarding costs to the prevailing party. *Ass'n of Mexican–American Educators v. Cal.,* 231 F.3d 572, 591 (9th Cir.2000). To permit proper review, a district court may not deny costs to a prevailing party without specifying reasons for the refusal. *Id.*

■ Miles argues that Rule 54(d) does not apply when the underlying case is dismissed for lack of subject matter jurisdiction. While we have never directly held that Rule 54(d) is inapplicable when a court lacks subject matter jurisdiction, we have held, in the context of a 42 U.S.C. § 1983 claim and request for attorneys' fees under 42 U.S.C. § 1988, that a defendant is not a "prevailing party" when dismissal is mandated by a lack of subject matter jurisdiction. *Branson v. Nott,* 62 F.3d 287, 293 (9th Cir.1995). We now conclude that, in addition to attorneys' fees requested under the civil rights statute, costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a "prevailing party" within the meaning of Rule 54(d).[2]

■ Nevertheless, Miles' argument fails to provide him relief here because dismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction. *See Hill v. Blind Indus. and Serv. of Md.,* 179 F.3d 754, 762 (9th Cir.1999) (concluding that the Eleventh Amendment is not a jurisdiction-

---

**2.** Where the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919. Unlike Rule 54(d), § 1919 is permissive, allows the district court to award "just costs," and does not turn on which party is the "prevailing party."

al bar because it is a defense that can be waived by the state). We treat Eleventh Amendment immunity as an affirmative defense. *ITSI TV Prod. v. Agric. Ass'n,* 3 F.3d 1289, 1291 (9th Cir.1993). We hold that Rule 54(d) applies when an underlying claim is dismissed because of the Eleventh Amendment, for such a dismissal is based on the state's immunity and is not for want of jurisdiction.

■ Yet Miles argues further that Rule 54 does not apply here because the State is not a "prevailing party" in that the case was dismissed without prejudice. We reject this argument. The Supreme Court has squarely held that there is a "prevailing party" when there has been a "material alteration of the legal relationship of the parties." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res.,* 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).[3]

Here, the underlying case was dismissed "without prejudice to Miles' right to seek any available relief in the state court." This disposition is a "material alteration in the legal relationship of the parties" within the meaning of the test established by the Supreme Court. The dismissal eliminates the federal ADA claim from further proceedings in federal court and thus has changed the legal relationship of Miles with respect to the State. Under these circumstances, the State is a "prevailing party" and Rule 54(d) properly applies.

■ The district court carefully considered Miles' financial situation in deciding whether to award costs. Miles failed to provide the court with evidence of any financial difficulties other than to say that he is earning $1,000 less per month than

the salary he earned before termination. The court did not abuse its discretion in concluding that Miles did not present evidence sufficient to overcome the presumption that costs should be granted to the prevailing party.

**AFFIRMED.**

---

**3.** The Court specifically identified two instances in which a plaintiff can be considered a "prevailing party": (1) an enforceable judgment on the merits; or (2) an enforceable court-ordered consent decree. *Perez–Arellano v. Smith,* 279 F.3d 791, 793 (9th Cir.2002) (citing *Buckhannon,* 532 U.S. at 603, 121 S.Ct. 1835). *See also Barrios v. Cal. Interscholastic Fed'n.,* 277 F.3d 1128, 1134 (9th Cir.2002) (concluding that "prevailing party" also encompasses plaintiff who has obtained legally enforceable settlement agreement).