MEMORANDUM ***
Teamsters Local 952 (“Teamsters”) appeals the district court’s order denying its motion to retax costs. We have jurisdiction under 28 U.S.C. § 1292 and we affirm.
In 2003, a panel of this court affirmed in part and reversed in part a district court decision interpreting a collective bargaining agreement between Standard Concrete and Teamsters. See Standard Concrete Prods. Inc. v. Gen. Truck Drivers, Office, Food and Warehouse Union, Local 952, 353 F.3d 668, 673, 679 (9th Cir.2003). In a separate order, we instructed that each party should bear its own costs of suit. Nonetheless, Teamsters returned to the district court and filed a motion to retax costs, along with a bill of costs that included a filing fee, transcript fees, and the supersedeas bond premium. The district court denied Teamsters’ motion to retax costs, relying on this court’s order regarding costs. The district court stated: “The district court has no reason to disturb the Court of Appeals’ order, even assuming it had the authority to do so.” We hold that this was not an abuse of discretion. See Miles v. California, 320 F.3d 986, 988 (9th Cir.2003) (stating that a district court’s award of costs is reviewed for abuse of discretion).
Federal Rule of Appellate Procedure 39(e) requires that enumerated appellate costs be taxed in the district court “for the benefit of the party entitled to costs under the rule.” Where this court affirms a district court judgment in part and reverses in part, costs are awarded only as this court orders. See Fed. R.App. P. 39(a)(4). Because this court ordered that each party was to bear its own costs on appeal, neither party is “entitled to costs under the rule” for purposes of Rule 39(e). Although the district court has discretion in awarding fees under Rule 39(e), it does not have discretion to award fees in contravention of this court’s order as to which party should bear appellate costs. See Johnson v. Pac. Lighting Land Co., 878 F.2d 297, 298 (9th Cir.1989) (finding that the district court’s discretion to award appellate costs “is necessarily restricted by the specific rule governing costs on appeal,” i.e., Rule 39).
Accordingly, we AFFIRM the district court’s order.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.