**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EMIL CADKIN, an individual; LILA
CADKIN, as trustee of the CADKIN
TRUST,

     *Plaintiffs-Appellants,*

v.

IRMA LOOSE, an individual; MAY-
LOO MUSIC INC., a California
corporation; TERENCE LOOSE, as
trustee of the William Loose
Family Trust,

     *Defendants-Appellees.*

No. 08-55311

D.C. No.
CV-03-01591-JVS

OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
May 8, 2009—Pasadena, California

Filed June 26, 2009

Before: Betty Binns Fletcher, Raymond C. Fisher and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Fisher

## COUNSEL

Marty O'Toole, Law Offices of Marty O'Toole, Los Angeles, California, for the plaintiffs-appellants.

Sandra Levin (argued), Michael A. Morguess, Colantuono & Levin, P.C., Los Angeles, California, for defendant-appellee

Terrance Loose, as Trustee of the William Loose Family Trust.

George M Belfield, Greenberg Traurig, LLP, Santa Monica, California, for defendants-appellees Irma Loose and May-Loo Music, Inc.

## OPINION

FISHER, Circuit Judge:

This appeal concerns whether a defendant is entitled to attorney's fees as a prevailing party under § 505 of the Copyright Act, 17 U.S.C. § 505, when a plaintiff voluntarily dismisses without prejudice a lawsuit containing copyright claims. In *Corcoran v. Columbia Broadcasting System, Inc.*, 121 F.2d 575, 576 (9th Cir. 1941), we held a defendant in a copyright suit was a prevailing party and was entitled to attorney's fees when the plaintiff voluntarily dismissed the complaint without prejudice after the district court granted defendant's motion for more definite statement. The Supreme Court, in the context of the Fair Housing Amendments Act (FHAA), has since held prevailing party status turns on whether there has been a "material alteration of the legal relationship of the parties," *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (internal quotation marks omitted), and we have held dismissal without prejudice does not alter the legal relationship of parties for the purposes of entitlement to attorney's fees under a comparable fee shifting statute, *see Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008).

We conclude *Corcoran* is clearly irreconcilable with *Buckhannon* and no longer good law. We therefore overrule *Corcoran* and hold *Buckhannon*'s material alteration test applies

to § 505 of the Copyright Act. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (holding thee-judge panel can reject prior panel opinion that is "clearly irreconcilable" with intervening Supreme Court authority). Because the plaintiffs in this lawsuit remained free to refile their copyright claims against the defendants in federal court following their voluntary dismissal of the complaint, we hold the defendants are not prevailing parties and thus not entitled to the attorney's fees the district court awarded them.[1]

## I.  BACKGROUND

From about 1959 until the 1970s, Emil Cadkin, sometimes solely and sometimes with William Loose, created and recorded thousands of music cues, which are short musical works used in television and movies. These cues were administered by GRH Music ("GRH"), a partnership owned by Emil Cadkin and William Loose. In the 1960s, Emil Cadkin authorized William Loose to license the music cues to third parties. At some point, Emil Cadkin formed the Cadkin Trust as owner of all his copyright interests, appointing Lila Cadkin as trustee.

William Loose incorporated May-Loo Music, Inc. to license music he controlled. The proceeds of May-Loo Music, Inc. are split between Irma Loose, William Loose's spouse, and the William Loose Family Trust, which William Loose formed to benefit his children. Terrence Loose is the trustee of the William Loose Family Trust.

---

[1]Federal Rule of Civil Procedure 41(a)(1)(B) explains the effect of a plaintiff's voluntary dismissal of an action: "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Here, plaintiffs voluntarily dismissed their lawsuit against defendants and had not done so before. Thus, the dismissal was without prejudice.

In October 2003, Emil Cadkin and Lila Cadkin (as trustee of the Cadkin Trust) (collectively "the Cadkins") filed a complaint in federal district court against Terrence Loose (as trustee of the William Loose Family Trust) ("the Trust") and Irma Loose and May-Loo Music, Inc. (collectively "May-Loo"). The complaint alleged William Loose had removed Emil Cadkin's name as author and GRH's name as publisher from cues Emil Cadkin had composed (on his own or jointly with William Loose), incorporated those cues into the May-Loo music library with William Loose credited as the sole author and then registered those cues with the U.S. Copyright Office, thereby allowing William Loose to obtain the full royalty from the cues' use. The allegations implicated over 5000 cues. The complaint contained numerous claims for relief, including copyright infringement, false designation of origin (trademark) and various California state law claims.

After extended settlement discussions proved fruitless, the Trust and May-Loo in February 2007 filed motions to dismiss, which the district court granted in part. The district court found the state law claims were preempted by the Copyright Act, dismissing them without prejudice; found the fraud claims were not alleged with sufficient particularity, dismissing them without prejudice; and directed the Cadkins to join certain necessary parties.

The Cadkins thereafter filed a first amended complaint, which contained three claims for relief: (1) copyright infringement, (2) false designation of origin (trademark) and (3) declaratory relief. The Trust and May-Loo again moved to dismiss. The district court, relying primarily on the Cadkins' failure to cite any legal authority in their opposition and insufficient specificity in the amended complaint's factual allegations, granted the motion with leave to amend.

The Cadkins then moved to remand the case to state court, with a second amended complaint appended. The motion admitted "none of the parties herein may own the rights in

any of the musical compositions at issue." The district court denied the motion to remand, explaining that remand was not possible when the case had been initiated in federal court. Thereafter, the parties and the district court treated the second amended complaint as the operative pleading. It contained only state law claims: declaratory judgment, unjust enrichment and accounting for profits.

The Trust and May-Loo again moved to dismiss, arguing the second amended complaint should be dismissed without leave to amend because (1) all three state law claims were preempted by the Copyright Act, (2) the factual allegations lacked specificity and (3) any federal copyright or trademark claims were waived because they were not included in the amended pleading. The Cadkins opposed the motion to dismiss and lodged a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a). The district court deferred ruling on the Trust's and May-Loo's motions to dismiss until it ruled on the Cadkins' voluntary dismissal, which was eventually entered without comment on the district court docket in October 2007.

The Trust and May-Loo then sought attorney's fees and costs ($205,575 and $101,180, respectively). The Trust later sought an additional $20,000 in fees for work related to the attorney's fees motion and response. At the district court's direction, May-Loo reduced its requested fee to carve out fees attributable to work on a related lawsuit not involving the Cadkins, for a final requested amount of $63,151.20.

The district court granted both motions and entered judgment in favor of the Trust and May-Loo on December 27, 2007, awarding $225,575 to the Trust but not specifying the amount awarded to May-Loo. After denying the Cadkins' motion to reconsider, the court entered a second judgment on

February 11, 2008 in favor of May-Loo, specifying an award of $63,151.20. The Cadkins timely appealed.[2]

## II. STANDARD OF REVIEW

We review an award of attorney's fees under the Copyright Act for abuse of discretion. *See Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003). "A district court abuses its discretion when its decision is based on an inaccurate view of the law or a clearly erroneous finding of fact." *Id.*

## III. DISCUSSION

### A. Jurisdiction

Initially, we address our jurisdiction to consider the Cadkins' appeal of the order awarding the Trust attorney's fees. The Trust maintains we lack jurisdiction because the Cadkins' notice of appeal listed only the February 11, 2008 judgment (and did not explicitly list the December 27, 2007 judgment) on the line specifying the order being appealed. We reject this argument.

[1] "When a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal, we consider: (1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake." *Le v. Astrue*, 558 F.3d 1019, 1022-23 (9th Cir. 2009) (internal quotation marks omitted). "In determining whether intent and prejudice are present, we consider first,

---

[2]Although the district court docket sheet reflects a *filed* date of December 21, 2007 for the judgment awarding the Trust attorney's fees, the docket reflects an *entered* date of December 27. Because December 27 is the date judgment was entered, *see* Fed. R. App. P. 4(a)(1) & (7); *United States v. Depew*, 210 F.3d 1061, 1065 (9th Cir. 2000), the notice of appeal was timely with respect to that judgment, *see* Fed. R. App. P. 4(a)(4)(A) (stating time to file notice of appeal does not run until district court resolves timely motion to reconsider).

whether the affected party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue." *Id*. (internal quotation marks omitted).

**[2]** The notice of appeal refers to "*judgments* re: costs/attorneys' fees" (emphasis added), indicating the Cadkins wished to appeal both the February 11 judgment in favor of May-Loo and the December 27 judgment in favor of the Trust. Moreover, the notice of appeal notification form filed concurrently with the notice of appeal identifies two "12/27/07" items on the line specifying the orders or judgments being appealed, and the Trust had the opportunity to fully brief the propriety of the attorney's fees award on appeal. The Trust plainly had notice the Cadkins were appealing the judgment in the Trust's favor and had ample opportunity to address the merits of that issue.

## B. Attorney's Fees under the Copyright Act

**[3]** Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. District courts have two tasks in applying § 505: first, deciding whether an award of attorney's fees is appropriate and, second, calculating the amount of the award. *See Gilbreath*, 340 F.3d at 832-33. District courts have discretion to award attorney's fees to prevailing parties under the Copyright Act, but that discretion is triggered only if the party in fact prevailed on the copyright claim. *See* 17 U.S.C. § 505; *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996) (holding "an award of attorney's fees to a *prevailing* defendant that furthers the underlying purposes of the Copyright

Act is reposed in the sound discretion of the district courts" (emphasis added)).

### 1.  *Prevailing party status under the Copyright Act*

The district court found the Trust and May-Loo were prevailing parties, relying on our 1941 decision in *Corcoran*, 121 F.2d 575. The district court was correct to follow controlling circuit precedent, but we now overrule *Corcoran* because it is "clearly irreconcilable" with the Supreme Court's subsequent decision in *Buckhannon*. *Miller*, 335 F.3d at 893.

**[4]** In *Corcoran*, the district court denied defendants' motion to dismiss but granted their motion for a more definite statement on a copyright claim. Rather than amending the complaint, plaintiff voluntarily dismissed without prejudice, and the district court ultimately awarded defendants attorney's fees. We rejected plaintiff's contention that dismissal without prejudice does not confer prevailing party status under the Copyright Act.

> The authority given is not in terms limited to the allowance of fees to a party who prevails only after a trial on the merits. Where, as here, a defendant has been put to the expense of making an appearance and of obtaining an order for the clarification of the complaint, and the plaintiff then voluntarily dismisses without amending his pleading, the party sued is the prevailing party within the spirit and intent of the statute even though he may, at the whim of the plaintiff, again be sued on the same cause of action.

*Corcoran*, 121 F.2d at 576. Although we have not cited *Corcoran* in subsequent decisions applying the Copyright Act's attorney's fees provision, neither have we overruled or questioned its continuing viability.

**[5]** In *Buckhannon*, however, the Supreme Court held a plaintiff was not a prevailing party under the FHAA when the "lawsuit brought about a voluntary change in the defendant's conduct" without a "judgment on the merits or a court-ordered consent decree." 532 U.S. at 600. Relying on the definition of prevailing party in Black's Law Dictionary, the Court concluded "a 'prevailing party' is one who has been awarded some relief by the court." *Id.* at 603. The key inquiry is whether some court action has created a "material alteration of the legal relationship of the parties." *Id.* at 604 (internal quotation marks omitted).

**[6]** In *Oscar*, 541 F.3d at 981, we followed *Buckhannon* in deciding whether an involuntary dismissal without prejudice conferred prevailing party status on the defendant in a lawsuit under the Individuals with Disabilities Education Act. Because "a dismissal without prejudice is not a decision on the merits" and plaintiff was free to re-file his complaint in federal court, "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing." *Id. Oscar* distinguished *Miles v. California*, 320 F.3d 986 (9th Cir. 2003), in which we applied *Buckhannon* and concluded a dismissal of a claim under the Americans with Disabilities Act (ADA) without prejudice to plaintiff's right to seek relief in state court did confer prevailing party status on the defendant. This was so because "[t]he dismissal eliminates the federal ADA claim from further proceedings in federal court and thus has changed the legal relationship of Miles with respect to the State." *Id.* at 989; *see Oscar*, 541 F.3d at 982.

**[7]** We conclude *Corcoran* cannot be reconciled with *Buckhannon*'s material alteration test. First, *Corcoran* focused on the expense the defendants incurred and expressly disregarded that the parties' legal relationship had not changed as a result of the voluntary dismissal. *See Corcoran*, 121 F.2d at 576 (holding defendant to be prevailing party "even though he may, at the whim of the plaintiff, again be sued on the same

cause of action"). Second, we construed "prevailing party" in light of the policies underlying the Copyright Act, rather than relying on the plain meaning of the phrase as the Supreme Court did in *Buckhannon*. *See Buckhannon*, 532 U.S. at 607 (suggesting legislative history would not overcome plain meaning of "prevailing party"). Although the Trust and May-Loo are correct that *Buckhannon* was not a copyright case, the distinction is immaterial. As discussed, we have understood the Court's construction of "prevailing party" applies to federal fee shifting statutes other than the FHAA that contain that phrase, which is appropriate given the Court's reliance on a dictionary definition for its holding. *See Buckhannon*, 532 U.S. at 603.

**[8]** Accordingly, we hold the material alteration test the Supreme Court articulated in *Buckhannon* governs the prevailing party inquiry under § 505 of the Copyright Act and overrule *Corcoran* to the extent it is inconsistent with *Buckhannon*. *See Miller*, 335 F.3d at 893. Our holding is consistent with every circuit court that has considered whether *Buckhannon* governs prevailing party status under the Copyright Act. *See, e.g.*, *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) (holding voluntary dismissal with prejudice of copyright claims confers prevailing party status on defendants under *Buckhannon*); *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 164 & n.9 (1st Cir. 2007) (holding *Buckhannon* material alteration test applies to copyright claims and concluding dismissal for lack of subject matter jurisdiction does not confer prevailing party status); *see also Bridgeport Music, Inc. v. London Music, U.K.*, 226 F. App'x 491, 493-94 (6th Cir. 2007) (unpublished) (applying *Buckhannon* to copyright claims).

2. *Material alteration in legal relationship*

**[9]** This was the Cadkins' first voluntary dismissal of copyright claims against the Trust and May-Loo. Although the notice of dismissal did not state whether the voluntary dis-

missal was with or without prejudice, "[u]nless the notice or stipulation states otherwise, [a first voluntary] dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B); *see also City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 & n.2 (9th Cir. 2002) (noting first voluntary dismissal is without prejudice unless otherwise specified). The Cadkins' voluntary dismissal "does not alter the legal relationship of the parties because [the Trust and May-Loo] remain[ ] subject to the risk of re-filing" following a dismissal without prejudice. *Oscar*, 541 F.3d at 981. We therefore hold the Trust and May-Loo are not prevailing parties and are not entitled to attorney's fees. *See id.* at 982.

We are not persuaded by either of the Trust's and May-Loo's arguments why *Oscar* does not control here. First, the Trust and May-Loo maintain the legal relationship between the parties changed because the Cadkins waived the copyright claim by omitting it from the second amended complaint, making the voluntary dismissal equivalent to a dismissal with prejudice as to that claim. Although we have consistently held "all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived," *Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir. 1996) (internal quotation marks and alteration omitted), we have never applied this waiver rule to a new lawsuit filed after a voluntary dismissal without prejudice. In fact, we have squarely held waiver in one lawsuit does not carry over to a subsequent lawsuit following a voluntary dismissal without prejudice under Rule 41(a). In *City of South Pasadena*, 284 F.3d at 1156, the city filed a lawsuit against the state of California, which failed to invoke sovereign immunity, but the city then voluntarily dismissed the lawsuit without prejudice and filed a new cause of action containing many of the same claims. When the state invoked sovereign immunity in the second lawsuit, the district court found the state had waived that defense by failing to assert it in the original lawsuit. *See id.* On appeal, we held the state had waived immunity in the prior lawsuit, but that waiver had no effect on the new lawsuit fol-

lowing the voluntary dismissal: "The city . . . voluntarily dismissed [the first] action pursuant to [Rule] 41(a)(1)(ii). This was the city's first voluntary dismissal, and it was therefore without prejudice. Such a dismissal leaves the situation as if the action never had been . . . . We have adhered slavishly to this interpretation of Rule 41(a)." *Id.* at 1157 (internal quotation marks and footnote omitted). Rejecting the city's argument that there is no categorical rule that waiver of sovereign immunity cannot carry over to a subsequent action, we held "[Rule] 41(a)(1) provides a categorical rule that is much broader — one that disallows the 'carry-over' of *any* waivers from a voluntarily dismissed action to its reincarnation." *Id.* at 1158. The Trust's and May-Loo's attempt to differentiate between waiver of affirmative defenses and waiver of claims is a distinction without significance in light of our characterization of Rule 41(a) as a *categorical* rule.

The Trust and May-Loo also argue the district court's two prior dismissals of the copyright claims are sufficient to confer prevailing party status on them, relying on *Watson v. County of Riverside*, 300 F.3d 1092, 1093 (9th Cir. 2002) (upholding attorney's fees award to plaintiff who had obtained preliminary injunction, but no other relief). Their reliance on *Watson* is misplaced. There, plaintiff obtained a preliminary injunction to prevent his government employer from presenting certain information at an administrative termination hearing, but his claim for permanent injunctive relief became moot when the administrative hearing was completed. *See id.* at 1094. "Having succeeded in winning a preliminary injunction that prevented the use of his report at the administrative hearing, [plaintiff] obtained significant, court-ordered relief that accomplished one of the main purposes of his lawsuit." *Id.* at 1096. The change in the employer's behavior "carrie[d] all the 'judicial imprimatur' necessary to satisfy *Buckhannon*." *Id.*; *see also Buckhannon*, 532 U.S. at 603 (holding " 'a prevailing party' is one who has been awarded some relief by the court"). In contrast, the Trust and May-Loo remain subject to the risk that the Cadkins will refile their

copyright claims, despite the district court's orders dismissing without prejudice the original complaint and first amended complaint and the voluntary dismissal without prejudice of the second amended complaint. The Cadkins have not been deprived of the ability to seek relief in federal court against the Trust and May-Loo under the Copyright Act.

## IV.   CONCLUSION

*Miles* and *Oscar*, taken together, compel the conclusion that a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court. That is not the circumstance here, so the Trust and May-Loo are not prevailing parties and the district court erred in awarding them attorney's fees.

**REVERSED.**