**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 02 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>AZOOGLE.COM, INC., a Delaware corporation,<br><br>        Defendant - Appellee. | No. 08-15979<br><br>D.C. No. 3:05-cv-05124-JCS<br><br>MEMORANDUM[*] |
| ASIS INTERNET SERVICES, a California corporation,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>AZOOGLE.COM, INC., a Delaware corporation,<br><br>        Defendant - Appellee. | No. 08-17779<br><br>D.C. No. 3:05-cv-05124-JCS |

Appeal from the United States District Court
for the Northern District of California

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted October 8, 2009
San Francisco, California

Before: GOODWIN and PAEZ, Circuit Judges, and CARNEY,[**] District Judge.

Plaintiff ASIS Internet Services, Inc. ("Plaintiff") appeals a summary judgment for Defendant Azoogle.com ("Defendant") and an award of costs. We have jurisdiction under 28 U.S.C. § 1291. We affirm both orders.

Plaintiff's claim under the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. §§ 7701, *et seq.*, fails for lack of standing. "[T]he CAN-SPAM standing inquiry involves two general components: (1) whether the plaintiff is an 'Internet access service' provider ('IAS provider'), and (2) whether the plaintiff was 'adversely affected by' statutory violations." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1049 (9th Cir. 2009).

Here, the second requirement is not satisfied. The mere cost of carrying SPAM emails over Plaintiff's facilities does not constitute a harm as required by the statute. *See id.* at 1053 n.11. While Plaintiff argues that employee time was spent on spam-related issues, Plaintiff concedes that it has no records detailing employee time. Plaintiff also spent money on email filtering, though the cost of

[**] The Honorable Cormac J. Carney, District Judge for the Central District of California, sitting by designation.

email filtering did not increase due to the emails at issue. Such ordinary filtering costs do not constitute a harm. *See Gordon*, 575 F.3d at 1054 ("We expect a legitimate service provider to secure adequate bandwidth and storage capacity and take reasonable precautions, such as implementing spam filters, as part of its normal operations."). Thus, Plaintiff has not suffered a harm within the meaning of the statute and lacks standing.

Plaintiff's California Business and Professions Code § 17529.5 claim also fails. Defendant neither sent nor procured the emails at issue, and therefore did not "advertise" within the meaning of the statute.

Accordingly, the district court's grant of summary judgment for Defendant is affirmed.

We review for abuse of discretion an award of costs. *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) (*citing Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003)). Irrespective of whether the district court awarded costs under Federal Rule of Civil Procedure 54(d)(1) or 15 U.S.C. § 7706(g)(4), we find no abuse of discretion in the award. Accordingly, the order is affirmed.

AFFIRMED.