**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A'LOR INTERNATIONAL, LTD., a California Limited Company, individually, dba Charriol USA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TAPPERS FINE JEWELRY, INC., a Michigan Corporation; HUDSON POOLE JEWELERS, INC., an Alabama Corporation; SOURCE JEWELERS, a New York Corporation; MIAMI LAKES JEWELERS, aka Miami Lakes Jewelers, Inc.; MAURICE JEWELERS, INC., a Florida Corporation; AMAZON.COM, INC., a Washington Limited Liability Company; LAU INTERNATIONAL, INC., a Florida Corporation; GABRIEL & BROS, INC.; ANYTHING GOES, INC., a New Jersey Corporation, dba Heavenly Treasures, <br><br> Defendants - Appellees. | No. 13-55816 <br><br> D.C. No. 2:12-cv-02215-RGK-VBK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 5, 2015
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

A'lor International, Ltd. ("A'lor") appeals a summary judgment order in favor of various competitor defendants who are producers, distributors, or retailers of jewelry (collectively "Defendants"). A'lor contends that Defendants infringed its copyright to twenty-four jewelry designs, asserts an unfair competition state law claim under a theory of misappropriation, and requests reversal of the attorneys' fees award.

Because we find the existence of contested issues of material fact as to whether A'lor's twenty-four jewelry designs are virtually identical to Lau International, Inc.'s designs, which could infringe A'lor's copyrights, we reverse and remand for trial. *Cf. Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th Cir. 1990) ("Where reasonable minds could differ on the issue of substantial similarity, [] summary judgment is improper." (citation omitted)). While the district court did not recognize the inverse ratio rule, nor provide its analysis as to each of the twenty-four designs in finding a thin copyright, we agree that the small number of elements in the A'lor designs weighed against applying broad protectability

2

because there are relatively few combinations these elements can yield. *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1439 (9th Cir. 1994) ("When the range of protectable and unauthorized expression is narrow, the appropriate standard [is thin copyright protection]."); *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 625 (9th Cir. 2010) ("Under the 'inverse ratio' rule, if a defendant had access to a copyrighted work, the plaintiff may show infringement based on a lesser degree of similarity between the copyrighted work and the allegedly infringing work."). Even though we uphold the district court's application of thin copyright protection, whether the two works are virtually identical nonetheless warrants reversal since a jury must decide the factual question.

Next, we affirm dismissal of A'lor's unfair competition claim under a theory of misappropriation. A plaintiff waives all causes of action alleged in the original complaint that are "voluntarily" not included in the amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). A'lor failed to re-allege this claim in its Second Amended Complaint. We deem it waived.

Finally, we vacate the attorneys' fees award because Defendants were not prevailing parties with respect to the two designs that the district court dismissed without prejudice. *See Cakdin v. Loose*, 569 F.3d 1142, 1149–50 (9th Cir. 2009).

**REVERSED and REMANDED in part; AFFIRMED in part; and VACATED in part.**

Each party shall bear their own costs.