14-3633-cv
Elliott v. City of Hartford

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of May two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                      *Circuit Judges*.

─────────────────────────────────────────────────────

SANDRA ELLIOTT, individually and as the administratrix of the Estate of Asher Tamara Glace,

                      *Plaintiff-Appellant*,

                   v.                                            14-3633-cv

CITY OF HARTFORD, CHRISTOPHER MORANO, individually and in his official capacity as Chief State's Attorney of the State of Connecticut, KEVIN KANE, individually and in his official capacity as Chief State's Attorney of the State of Connecticut, PATRICK HARNETT, individually and in his official capacity as Chief of Police of the City of Hartford,

                      *Defendants-Appellees*,

STATE OF CONNECTICUT, DARYL ROBERTS, individually and in his official capacity as Chief of Police of the City of Hartford, *Defendants*.[1]

_____

Appearing for Appellant:                    Sandra Elliott, pro se, Hartford, CT.

Appearing for defendants-appellees
City of Hartford and Patrick
Harnett:                                     Jonathan H. Beamon, Senior
                                             Assistant Corporation Counsel,
                                             Hartford, CT.

Appearing for defendants-appellees
Christopher Morano and
Kevin Kane:                                  Zenobia G. Graham-Days, Assistant
                                             Attorney General (Terrence M.
                                             O'Neill, *on the brief*), *for* George
                                             Jepsen, Attorney General of the State
                                             of Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Pro se plaintiff-appellant Sandra Elliott appeals from the August 22, 2014 order of the United States District Court for the District of Connecticut (Thompson, *J.*), granting summary judgment on Elliott's supervisory liability claim against Patrick Harnett and ordering that the case be closed. For the reasons stated in the accompanying opinion, we hold that we have jurisdiction over the district court's September 30, 2013 orders, in addition to the August 22, 2014 order, granting summary judgment on Elliott's claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We first address whether the district court erred in addressing some, but not all, of the claims raised in Elliott's second amended complaint but not raised in her proposed third amended complaint. We note that it is critical to this analysis that Elliott was represented by an attorney before the district court.

"It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). It is also generally the case that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155

_____

[1] The Clerk of Court is respectfully directed to amend the official caption to conform to the caption above.

2

(2d Cir. 1998) (alteration in original), *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002); *see also Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009). Further, in *Austin*, we considered the "issue of whether, by requesting leave to file an amended complaint that omits earlier alleged claims and/or defendants, a *pro se* plaintiff is deemed to have abandoned the omitted claims as well as all claims against the omitted defendants." 149 F.3d at 155. Although we held that "ordinarily it makes perfect sense to hold that a party who seeks to file an amended pleading that omits a claim intends to abandon the claim, irrespective of whether the amended pleading is permitted by the court," *id.*, we declined to extend that rule to pro se parties. Because Elliott was not pro se before the district court, we cannot say that the district court erred in declining to address the claims raised in the second amended complaint but not in the proposed third amended complaint.

As noted, the district court did consider some of the claims raised in the second amended complaint but not in the proposed third amended complaint, namely, the supervisory liability claims against Christopher Morano and Kevin Kane. The question whether the district court erred in addressing these claims on the merits, and whether we may review them here, is more complicated, especially in light of the fact that Morano and Kane moved for summary judgment on those claims and briefed the merits, instead of arguing that there were no longer any claims raised against them. However, this is ultimately inconsequential, as the district court granted summary judgment on these claims and, as discussed below, we affirm that grant of summary judgment.

We now turn to the merits of Elliott's appeal. On appeal, Elliott argues that there are triable issues of fact on her *Monell* claim against the City of Hartford, her supervisory liability claim against Morano and Kane, her supervisory liability claim against Roberts, and her supervisory liability claim against Harnett.[2]

First, Elliott's *Monell* claim against the City of Hartford and her supervisory liability claim against Roberts were not raised in her proposed third amended complaint and, as discussed above, they therefore were abandoned before the district court. Although Elliott raised her *Monell* claim in the third amended complaint, this complaint was not filed until after the summary judgment briefing was filed.

Next, Elliott challenges the grant of summary judgment on her supervisory liability claim against Harnett. Upon review, we conclude that the district court properly granted summary judgment to Harnett on the supervisory liability claims for substantially the same reasons as those stated in the district court's thorough and well-reasoned order. Critically, Elliott failed to produce any evidence to demonstrate that Harnett was personally involved in Glace's death. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (recognizing possible conflict between the cases). Although Elliott argues that Harnett was informed that Glace's life was in danger, she provided no evidence that Harnett ever had knowledge of any threats to Glace. Further, Elliott did not proffer any evidence that there was an obvious need for more or

---

[2] Accordingly, Elliott has waived challenges to the other district court rulings not briefed on appeal. *See, e.g.*, *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).

better supervision of the officers with regard to the witness protection program, for example, because of prior failures to refer potentially at-risk witnesses to the protection program. Finally, Elliott's argument that the district court erred by considering Harnett's renewed motion for summary judgment is meritless. "[D]istrict courts enjoy considerable discretion in entertaining successive dispositive motions." *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004)).

Finally, we turn to Elliott's challenge of the grant of summary judgment on her supervisory liability claim against Morano and Kane. Here, as with the claim against Harnett, the district court properly granted summary judgment because Elliott failed to proffer evidence of personal involvement by Morano and Kane. We affirm for substantially the same reasons as those stated in the district court's September 30, 2013 order.

We have considered the remainder of Elliott's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4