If recovery of attorney's fees is limited to prevailing plaintiffs under California Penal Code § 502(e), Defendants are not permitted to recover their attorneys' fees as Defendants. See Swearingen , 2010 WL 1495204, at *2 ; Facebook, Inc. , 2017 WL 3394754, at *6 ; OptiStreams, Inc. , 2006 WL 829113, at *10. If the decision to award fees remains within the trial court's discretion, the Court finds it would be unreasonable to award fees because the Court did not determine that Plaintiff's section 502 claim was either frivolous or abusive. See U.S. Source LLC , 2014 WL 6977597, at *4 ; see Doc. No. 49 at 20-21 (declining to exercise supplemental jurisdiction over Plaintiff's state law claims, but stating that "[i]f Plaintiff sufficiently alleges a federal claim in a future amended complaint, the Court will reconsider exercising supplemental jurisdiction over Plaintiff's state law claims"). Accordingly, the Court declines to award Defendants attorneys' fees under section 502(e).
3. The DTSA
Plaintiff also contends Defendants are not entitled to attorneys' fees under the DTSA because they are not the prevailing party and Plaintiff's DTSA claim was not made in bad faith. Oppo. at 22-27.
The attorneys' fees provision of the DTSA provides that "a court may, ... if a claim of [trade secret] misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion *1196 to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party." 18 U.S.C. § 1836(b)(3)(D).
Prevailing party status requires that a party "received a judgment on the merits, or obtained a court-ordered consent decree." Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res. , 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In addition, "such relief must 'create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees.' " Oscar v. Alaska Dep't of Educ. & Early Dev. , 541 F.3d 978, 981 (9th Cir. 2008) (citing Buckhannon , 532 U.S. at 604, 121 S.Ct. 1835 ). This material alteration test applies to federal fee shifting statutes that contain the phrase "prevailing party." Cadkin v. Loose , 569 F.3d 1142, 1148-49 (9th Cir. 2009).
In Oscar , the Ninth Circuit considered whether a dismissal without prejudice confers prevailing party status upon a defendant. Oscar , 541 F.3d at 981. There, the Ninth Circuit held "that the dismissal without prejudice did not confer prevailing party status upon the defendant." Id. at 982. In particular, the Ninth Circuit noted that "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing."[2] Id. at 981. One year later, in Cadkin , the Ninth Circuit explained that "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court."[3] Cadkin , 569 F.3d at 1150.
Here, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. No. 50. Dismissal of the case did not judicially preclude Plaintiff from refiling its claims in federal court. See Doc. Nos. 50, 51. Accordingly, this *1197 Court cannot conclude that Defendants are the prevailing party and, therefore, Defendants are ineligible for an award of attorneys' fees under the DTSA.[4] See Cadkin , 569 F.3d at 1150 ; see also 18 U.S.C. § 1836(b)(3)(D) (permitting attorneys' fees for the prevailing party).
4. Court's Inherent Powers
Defendants contend "Plaintiff's 'shotgun' approach, directing so many failed claims, towards so many Defendants, for whom Plaintiff could never muster sufficient allegations of wrong doing against was done in bad faith," and, therefore, the Court may award attorneys' fees under its inherent power. Mtn. at 9-10. Plaintiff counters that "there is no evidence of bad behavior, much less the high level required for this Court to invoke its inherent powers and take the extraordinary action of sanctioning Plaintiff ...." Oppo. at 30.
A court has the inherent power to assess attorneys' fees for "willful disobedience of a court order ... or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons ...." Roadway Express v. Piper , 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (internal quotation marks and citations omitted). Bad faith applies not only to actions that led to filing the complaint, but also to conduct during the litigation. Id. The Court may assess attorneys' fees against the responsible party when the court finds " 'that fraud has been practiced upon it, or that the very temple of justice has been defiled.' " Chambers v. NASCO, Inc. , 501 U.S. 32, 46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (citation omitted). Due to its potency "inherent powers must be exercised with restraint and discretion." Id. at 44, 111 S.Ct. 2123.
A specific finding of bad faith or conduct tantamount to bad faith is required for inherent power sanctions. Fink v. Gomez , 239 F.3d 989, 994 (9th Cir. 2001). Bad faith conduct includes willful actions, such as "recklessness when combined with an additional factor, such as frivolousness, harassment, or an improper purpose." Id. "[S]anctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.' " Primus Auto. Fin. Servs. v. Batarse , 115 F.3d 644, 649 (9th Cir. 1997) (citation omitted).
The Court's order granting Defendants' motion to dismiss Plaintiff's FAC and denying Plaintiff's motion for a preliminary injunction did not find any evidence of bad faith. See Doc. No. 49. The Court only addressed Plaintiff's federal claims in its order. Id. With respect to its DTSA claim, the Court found that it could not draw a reasonable inference about which individual Defendant is liable and for which acts. Id. at 18. As such, the Court dismissed the DTSA claims without prejudice, and with leave to amend. Id. With respect to the Federal Computer Fraud and Abuse Act, the Court found Plaintiff failed to sufficiently allege how or where the relevant Defendants accessed Plaintiff's protected computers and dismissed those claims, but granted Plaintiff leave to amend. Id. at 19-20. The Court then declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, but indicated that "[i]f Plaintiff sufficiently alleges a federal claim in a future amended complaint, the Court will reconsider exercising supplemental jurisdiction over Plaintiff's state law claims." Id. at 20-21.
*1198 Accordingly, the Court did not find any evidence of bad faith, and the notice of voluntary dismissal followed by the filing of certain state law claims in state court also does not give rise to bad faith. As such, the Court declines to award attorneys' fees to Defendants under the Court's inherent powers.
5. Costs
Plaintiff contends that Defendants do not seek an award of costs. Oppo. at 14. However, Defendants' motion states that " Rule 54(d) creates a presumption in favor of a costs award" to the prevailing party, and also states that Defendants are the prevailing party. Mtn. at 6. As such, Defendants appear to be seeking an award of costs.
Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."[5] Fed. R. Civ. P. 54(d)(1). As discussed previously, Defendants have not adequately demonstrated that they are the prevailing party. See Miles , 320 F.3d at 988-89 ; see also Koby v. ARS Nat'l Servs. , No. 3:09-cv-00780-KSC, 2018 WL 1441340, at *5-6, 2018 U.S. Dist. LEXIS 46726, at *14-15 (S.D. Cal. Mar. 20, 2018) (finding that a voluntary dismissal without prejudice does not confer prevailing party status upon a defendant pursuant to Rule 54(d)(1) ). Further, Civil Local Rule 54.1, which governs costs, explicitly states that "[t]he defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a)." Civ. L.R. 54.1(f). As such, they are not entitled to costs pursuant to Rule 54(d)(1) or Civil Local Rule 54.1.
CONCLUSION
For the reasons set forth above, the Court DENIES Defendants' motion for attorneys' fees and costs.
IT IS SO ORDERED .

The Ninth Circuit distinguished Oscar from Miles v. California , 320 F.3d 986, 989 (9th Cir. 2003), because in Miles "the underlying case was dismissed 'without prejudice to Miles' right to seek any available relief in the state court.' " Oscar , 541 F.3d at 982 (citing Miles , 320 F.3d at 989 ). The Ninth Circuit concluded that the dismissal in Miles altered the legal relationship of the parties because Miles could not re-file his claim in federal court. Id.

The cases Defendants cite to in support of the argument they should be deemed prevailing parties are unavailing. See Mtn. at 7-9. For example, Defendants contend Corcoran v. Columbia Broad., System, Inc. , 121 F.2d 575 (9th Cir. 1941) is not binding, but has "strong persuasive value." Mtn. at 8. Defendants fail to explain, however, that the Ninth Circuit overruled Corcoran to the extent it is inconsistent with Buckhannon . See Mtn.; see also Cadkin , 569 F.3d at 1149. Defendants also rely on International Marble & Granite of Colorado, Inc. v. Congress Financial Corp. , 465 F.Supp.2d 993 (C.D. Cal. 2006), which relies on Corcoran . Mtn. at 7. Similarly, Defendants contend that Lorillard Tobacco Co. v. Engida , 556 F.Supp.2d 1209 (D. Colo. 2008) is persuasive because the Court determined the defendant was a prevailing party where the plaintiff voluntarily dismissed the case without prejudice and the defendant defeated the plaintiff's motion for a preliminary injunction. Mtn. at 8-9. However, the Tenth Circuit reversed the decision, finding that the a voluntary dismissal without prejudice does not confer prevailing party status upon a defendant and that "a defendant who defeats an injunction cannot be a prevailing party if the denial similarly is based on non-merits grounds." Lorillard Tobacco Co. v. Engida , 611 F.3d 1209, 1214-17 (10th Cir. 2010) (emphasis in original). Defendants' citation to Scientific Weight Loss, LLC v. U.S. Medical Care Holdings, LLC , No. CV 08-2852 PSG (FFMx), 2009 WL 2151365 (C.D. Cal. July 15 2009) is also unavailing, as it relies on the Colorado District Court's decision in Lorillard and International Marble, which relies on Corcoran . Scientific Weight Loss , 2009 WL 2151365, at * 3-4.

The Court declines to address Plaintiff's additional arguments under the DTSA in light of the Court's determination that Defendants are not prevailing parties.

"[T]he award of costs is governed by federal law under Rule 54(d)," even where there are state law claims. In re Merrill Lynch Relocation Mgmt., Inc. , 812 F.2d 1116, 1120 n.2 (9th Cir. 1987) ; see, United Cal. Bank v. THC Fin. Corp. , 557 F.2d 1351, 1361 (9th Cir. 1977) (applying federal law as to costs and California state law on the issue of attorneys' fees).