**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SKYDANCE DEVELOPMENT, LLC, a California limited liability company; SKYDANCE PRODUCTIONS, LLC, a California limited liability company; GEMINI PICTURES, LLC, a California limited liability company, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> KISSINGER NKOSINATHI SIBANDA, Esquire, <br><br> Defendant-Appellant. | No. 22-55236 <br><br> D.C. No. 2:20-cv-08145-CBM-JC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted May 16, 2023[**]

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

Kissinger Nkosinathi Sibanda appeals pro se the district court's post-

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment order denying his motion for attorney's fees. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a denial of a motion for attorney's fees. *Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 644 (9th Cir. 2020). We affirm.

The district court did not abuse its discretion in denying Sibanda's motion for attorney's fees because Sibanda is not a "prevailing party" in this action and otherwise failed to demonstrate he is entitled to fees. *See Cadkin v. Loose*, 569 F.3d 1142, 1145, 1147 (9th Cir. 2009) (explaining that, under 17 U.S.C. § 505, district courts may only award attorney's fees to a party that "in fact prevailed on the copyright claim;" a defendant is not a prevailing party where a plaintiff is free to refile a copyright claim against the defendant following a voluntary dismissal of the complaint); *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135-37 (9th Cir. 2001) (explaining that a court is vested with inherent power to sanction litigation misconduct and stating that, "[w]ith respect to sanctions, a district court's factual findings are given great deference").

Sibanda's requests for oral argument and remand to a different district judge, set forth in the opening brief, are denied.

**AFFIRMED.**