# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KENNETH H. GROVE,
            *Plaintiff-Appellant,*

v.

WELLS FARGO FINANCIAL
CALIFORNIA, INC., a Colorado
corporation,
            *Defendant-Appellee.*

No. 08-56964

D.C. No.
2:07-cv-07475-PA-
JWJ

OPINION

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
March 4, 2010—Pasadena, California

Filed May 20, 2010

Before: Pamela Ann Rymer, Kim McLane Wardlaw and
N. Randy Smith, Circuit Judges.

Opinion by Judge Wardlaw;
Partial Concurrence and Partial Dissent by Judge Rymer

## COUNSEL

Robert S. Green, Jenelle Welling, and Charles D. Marshall of Green Welling, P.C., San Francisco, California, for the appellant.

Jan T. Chilton, Mark D. Lonergan, and Jon D. Ives of Severson & Werson, San Francisco, California, for the appellee.

## OPINION

WARDLAW, Circuit Judge:

Kenneth Grove appeals the district court's award of attorney's fees and costs following the settlement of his Fair Credit Reporting Act ("FCRA") action against Wells Fargo Financial California, Inc. ("Wells Fargo"). The principle issue before us is whether the expense-shifting provision in the FCRA authorizes district courts to award costs that otherwise would be non-taxable under 28 U.S.C. § 1920, which generally authorizes the award of certain specified costs. Because we conclude that it does, we reverse the district court on this issue, but affirm on Grove's other claims of error.

## FACTUAL AND PROCEDURAL BACKGROUND

In spring 2006, Wells Fargo notified various credit reporting agencies that Grove was delinquent on an automobile loan. Grove disputed that he was behind in his payments and sent letters to Wells Fargo requesting that it submit corrected information to the credit reporting agencies. Grove filed a lawsuit under the FCRA when Wells Fargo refused to correct the information it had provided the agencies. A court-ordered mediation session did not result in a settlement, and the parties proceeded with discovery, including depositions and document production.

On the eve of trial, the parties reached a settlement. Pursuant to Federal Rule of Civil Procedure 68, the district court entered the parties' stipulated judgment, which provided that Wells Fargo would submit a written request to the credit reporting agencies to delete the disputed information in Grove's credit report. It also provided that Wells Fargo would pay Grove $20,000 "plus costs incurred to date and recoverable attorney's fees." The judgment concluded that Grove was the prevailing party and that he was entitled to "recover his reasonable attorney's fees and costs in this action by filing a motion with the Court and that [Wells Fargo] may contest the amount of the fees and costs to be awarded, but not Plaintiff's entitlement to the same."

Pursuant to the Rule 68 judgment, Grove filed a motion in which he requested $154,578 in attorney's fees and $7,468.41 in costs listed as taxable under 28 U.S.C. § 1920. The district court awarded Grove $85,289.25 in attorney's fees and denied Grove's request for taxable costs. Grove also requested $6,770.60 in non-taxable costs, including the cost of postage, facsimiles, travel, mediation services, and video conferencing services used in depositions. In opposition, Wells Fargo argued that Grove was not entitled to recover any costs that were not listed as taxable under 28 U.S.C. § 1920. The district court agreed with Wells Fargo, concluded that it lacked discretion to award non-taxable costs, and denied Grove's request. Grove appeals.

## DISCUSSION

### I. Non-Taxable Costs

**[1]** "Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Carbonell v. INS*, 429 F.3d 894, 897-98 (9th Cir. 2005). At issue in Grove's request for non-taxable costs are two of many statutory exceptions to the American Rule and whether the first trumps the

second. Pursuant to the first, 28 U.S.C. § 1920, a "judge or clerk of any Court of the United States may tax as costs" certain expenses: fees of the clerk and marshal; certain fees for transcripts; certain fees for printing and witnesses; the costs of copies needed for use in the case; docketing fees; and compensation of court appointed experts and interpreters. These expenses — known as "taxable costs" — may be recovered by the prevailing party. Section 1920 "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority." *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987) (Section 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party."). The second expense-shifting provision at issue here is set forth in the FCRA. It permits a prevailing plaintiff to recover "the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681o(a)(2); *id.* § 1681n(a)(3).

In considering whether the FCRA's expense-shifting provision authorizes district courts to award non-taxable costs to prevailing plaintiffs in FCRA cases, we must "carefully inspect [the expense-shifting provision] for clear evidence of congressional intent that non-taxable costs should be available." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) (discussing *Crawford Fitting Co.*, 482 U.S. at 437). Were we interpreting the language of the FCRA in the first instance, without the benefit of controlling case law on point, we might or might not conclude that it satisfies the *Crawford Fitting* test. However, as discussed in detail below, we — and the Supreme Court — have long interpreted the phrase "reasonable attorney's fees" to include certain litigation expenses, and we are bound to follow that precedent here. *See, e.g.*, *Valdivia v. Schwarzenegger*, 599 F.3d 984, 990 n.4 (9th Cir. 2010) ("[A]s a three-judge panel, and with no intervening Supreme Court or Ninth Circuit precedent, we are bound by this court's [previous]

holding."); *United States v. Vasquez-Ramos*, 531 F.3d 987, 991 (9th Cir. 2008) ("We are bound by circuit precedent unless there has been a substantial change in relevant circumstances . . . or a subsequent en banc or Supreme Court decision that is clearly irreconcilable with our prior holding." (internal citations omitted)). Therefore, because the FCRA provides for "reasonable attorney's fees," we conclude that district courts have discretion to award non-taxable costs to prevailing parties under the FCRA and that the district court erred in concluding otherwise. *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008) (de novo review of legal analysis relevant to fee determination).

**[2]** In *Missouri v. Jenkins*, 491 U.S. 274 (1989), the Supreme Court held that a prevailing plaintiff could recover the costs of paralegals' time under a statute allowing for "a reasonable attorney's fee as part of the costs." *Id.* at 285 (quoting 42 U.S.C. § 1988). The *Jenkins* Court explained that "the fee must take into account the work not only of attorneys, but . . . it must also take account of other expenses and profit." *Id.* We have interpreted *Jenkins* to mean that " 'reasonable attorney's fees' include litigation expenses . . . when it is 'the prevailing practice in a given community' for lawyers to bill those costs separate from their hourly rates." *Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006). Thus, "we have continued to hold that attorneys' fees awards can include reimbursement for out-of-pocket expenses including . . . travel, courier and copying costs." *Davis v. City of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992)*, vacated in part on other grounds*, 984 F.2d 345.

**[3]** Consistent with *Jenkins*, we repeatedly have allowed prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties. In *Davis v. San Francisco*, we affirmed an award of non-taxable costs under an expense-shifting statute providing that "the court, in its discretion, may allow the prevailing party . . . a

reasonable attorney's fee." *Id.* at 1541 (quoting 42 U.S.C. § 2000e-5(k)). In doing so, we noted that, "the courts have long held [that certain non-taxable costs] can be awarded as part of a reasonable attorneys' fee since they are typically charged to paying clients by private attorneys." *Id.* at 1556. Similarly, in *Davis v. Mason County*, 927 F.2d 1473 (9th Cir. 1991), we affirmed an award of travel expenses under a statute providing district courts with discretion to allow the prevailing party reasonable attorney's fees as part of the costs of the action. *Id.* at 1488; 42 U.S.C. § 1988. We rejected the defendant's argument that costs should be limited to those available under § 1920, explaining that the defendant "fails to see that . . . travel expenses were not granted as costs under section 1920, but rather as out-of-pocket expenses, compensable under section 1988." *Davis v. Mason County*, 927 F.2d at 1488. We further observed that "[c]ourts have generally held that expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed under section 1988." *Id.*; *see also Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986) ("Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees under section 1988.").

More recently, in *Redland Insurance*, we addressed whether computerized research costs were recoverable under ERISA's expense-shifting provision, which, like the FCRA's expense-shifting provision, authorizes the recovery of "reasonable attorney's fees and costs of the action." *Redland Ins. Co.*, 460 F.3d at 1256 (quoting 29 U.S.C. § 1132(g)(2)(D)). In considering the use of the term "attorney's fees" in ERISA's fee shifting provision, we observed that "[i]t is well established that attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920." *Id.* at 1257. We also noted that "[l]ower courts in this circuit have,

without comment, applied the interpretation of attorney's fees in § 1988 to other fee-shifting statutes in order to award expenses that do not fall within the scope of § 1920." *Id.* at 1257-58. Discussing the Court's decisions in *Casey* and *Jenkins*, we endorsed this view, holding "that reasonable charges for computerized research may be recovered as 'attorney's fees' under § 1132(g)(2)(D) if separate billing for such expenses is 'the prevailing practice in the local community.' " *Id.* at 1258-59 (quoting *Jenkins*, 491 U.S. at 287); *see also id.* at 1258 (discussing a "growing circuit consensus reflect[ing] the Supreme Court's treatment of litigation expenses under attorney's fee statutes").

The other circuit courts that have examined this question agree that expenses other than those expressly listed in § 1920 are recoverable under statutes providing for the recovery of "attorney's fees." For instance, in *Central Soya Company v. Geo. A. Hormel & Co.*, 723 F.2d 1573 (Fed. Cir. 1983), the Federal Circuit was called upon to determine whether certain litigation expenses were available under a patent infringement statute, which provided that "a court 'in exceptional cases may award reasonable attorney fees to the prevailing party.' " *Id.* at 1577 (quoting 35 U.S.C. § 285). Upholding the district court's award of expenses, it reasoned, "We interpret attorney fees to include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Id.* at 1578; *see also Bryant v. City of Chicago*, 200 F.3d 1092, 1100 n.3 (7th Cir. 2000) ("Non-taxable costs are recoverable as part of the attorney's fees to be awarded" under 42 U.S.C. § 2000e-5(k)); *Save our Cumberland Mountains, Inc. v. Hodel*, 826 F.2d 43, 54 (D.C. Cir. 1987) ("We believe that it would be unduly restrictive to find that neither the general term 'costs of litigation' nor the term 'attorney's fees' includes incidental expenses of attorneys that are routine to all litigation and routinely billed to private clients.").

The district court offered two bases for its conclusion that it lacked discretion to award non-taxable costs under the

FCRA's fee-shifting provision. First, the district court misinterpreted our opinion in *Twentieth Century*, in which we held that non-taxable costs were recoverable under an expense-shifting statute providing for "full costs." *See Twentieth Century*, 429 F.3d at 884 (interpreting 17 U.S.C. § 505). The district court apparently reasoned that, because the FCRA does not cover "full costs," it does not cover non-taxable costs. However, nothing in *Twentieth Century* suggests that Congress must use the words "full costs" in a fee-shifting provision to authorize the recovery of non-taxable costs. Moreover, in *Twentieth Century*, we did not specifically discuss the meaning of the term "attorney's fees." Although we focused solely on the term "full costs" to conclude that § 505 authorized recovery of non-taxable costs, we did not foreclose the analyses set forth in *Redland Insurance*, *Davis v. San Francisco*, *Davis v. Mason County*, and *Chalmers* leading to the conclusion that the term "attorney's fees" encompasses non-taxable costs as well.

**[4]** Second, though Grove cited *Davis v. San Francisco*, the district court rejected our analysis there because it "dealt specifically with a Title VII employment action[, and] Title VII has its own statute regarding attorneys' fees and costs, which is inapplicable here." While it is true that Title VII and the FCRA are different statutory schemes, it is also true that both statutes contain an expense-shifting provision authorizing the recovery of "attorney's fees." The district court thus incorrectly refused to follow our — and the Supreme Court's — interpretation of that phrase to include the recovery of costs other than those taxable under § 1920. *See, e.g.*, *Jenkins*, 491 U.S. at 285 (expense-shifting under § 1988); *Redland Ins. Co.*, 460 F.3d at 1256 (expense-shifting under ERISA); *Davis v. San Francisco*, 976 F.2d at 1556-57 (expense-shifting under Title VII); *Davis v. Mason County*, 927 F.2d at 1488 (expense-shifting under § 1988); *see also Richlin Sec. Serv. Co. v. Chertoff*, 128 S. Ct. 2007, 2014 (2008) (applying the *Jenkins* Court's interpretation of "attorney's fees" in § 1988 to the same term in 5 U.S.C. § 504(b)(1)(A)).

## II. Taxable Costs

**[5]** The district court denied Grove's request for $7,468.41 in taxable costs because Grove failed to comply with the local rules governing motions for taxable costs. *See* C.D. Cal. L. R. 54. "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) (per curiam). This is not one of those "rare cases." Indeed, Grove's argument that the district court abused its discretion by strictly enforcing the local rules is foreclosed by precedent. *See Lytle v. Carl*, 382 F.3d 978, 989-90 (9th Cir. 2004) (affirming district court's decision to deny taxable costs where the movant failed to file his bill of costs within the time permitted by the local rules).

## III. Attorney's Fees

**[6]** "When it sets a fee, the district court must . . . determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Here, the district court did not abuse its discretion in calculating the lodestar value of the attorney's fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 453-54 (1983) (standard of review); *Oscar*, 541 F.3d at 980-81 (same).

### A. Hours Expended

**[7]** Grove requested attorney's fees for approximately 480 hours of billable time, whereas Wells Fargo argued that only about 175 hours were reasonably expended on the litigation. The district court engaged in a thorough, line-by-line analysis of Grove's time sheets and determined that about 360 hours were reasonably expended on the litigation. The district court acted well within its discretion in reaching this conclusion. *See generally Chalmers*, 796 F.2d at 1211 ("The district court

is in the best position to determine in the first instance the number of hours reasonably expended in furtherance of the successful aspects of a litigation and the amount which would reasonably compensate the attorney.").

## B.  Hourly Rates

**[8]** Grove failed "to produce satisfactory evidence — in addition to the attorney's own affidavits — that [his] requested [hourly] rates [were] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009). Given Grove's failure to meet this burden, the district court acted within its discretion when it adopted Wells Fargo's suggested hourly rates and rejected Grove's.

## CONCLUSION

**[9]** We affirm the district court's award of attorney's fees and its rejection of Grove's claim for taxable costs pursuant to § 1920. However, because the district court is authorized to award non-taxable costs as part of the attorney's fee award, we reverse the rejection of Grove's claim for non-taxable costs and remand for the district court to consider Grove's claim for $6,770.60 in non-taxable costs. In considering Grove's request for non-taxable costs, the district court must apply *Jenkins*, as interpreted in *Redland Insurance*, and determine whether it is the prevailing practice in the given community for lawyers to bill those costs separate from their hourly rates. **AFFIRMED in part; REVERSED in part; and REMANDED.**

RYMER, Circuit Judge, concurring in part and dissenting in part:

Although I concur in Parts II and III of the opinion regarding taxable costs and attorney's fees, I part company on Part I regarding non-taxable costs because I believe our cases (understandably followed by the majority) have gone off track by relying on precedent to conclude that non-taxable costs may be awarded as attorney's fees whenever a fee-shifting statute allowing recovery of "attorney's fees" is invoked. Instead, I think we are obliged to determine in the instance of each statute individually whether Congress clearly intended to go beyond 28 U.S.C. § 1920, the statute that lists what costs are taxable, and in the instance of each case, to determine whether the practice in the community is for attorneys to charge particular non-taxable costs to their clients.

The Supreme Court has made clear that there must be "plain evidence of congressional intent to supersede" the limitations explicitly set out in § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Given this rule, I don't believe it is enough just to rely on how we have interpreted "reasonable attorney's fees" in *other* fee-shifting statutes. Rather, we should do so anew whenever we consider a fee-shifting statute for the first time. That's what we did, for example, in *Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 884-85 (9th Cir. 2005), where we addressed an award of attorney's fees and costs under 18 U.S.C. § 505 and concluded that Congress did clearly intend to make non-taxable costs available because § 505 allows the recovery of "full costs." This is our first pass at FRCA. Therefore, as I see it, we should determine whether *in the FRCA* Congress manifested a clear intent to exceed the limits in § 1920. Otherwise, we sidestep *Crawford Fitting*, and effectively nullify § 1920 by rendering it inapplicable, on a virtually automatic basis, to any statute that allows for recovery of attorney's fees regardless of what the underlying congressional intent may be.

But even under the approach we have been taking — relying on prior cases that involve different statutes — reasonable attorney's fees include non-taxable costs "only when it is the prevailing practice in a given community for lawyers to bill those costs separately from their hourly rates." *Trs. of the Constr. Indus. & Laborers Health &Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) (internal citations and quotation marks omitted). Grove provided no evidence that it is the prevailing practice to bill the non-taxable costs he seeks separately from hourly rates. I am not suggesting that it is untoward, or uncustomary in the relevant market, to do so, just that we seem to be sidestepping our own rule as well.