**NOT FOR PUBLICATION**

FEB 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLAS GONZALEZ, individually and on behalf of all others similarly situated, | No. 12-55808 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-05849-ODW-PLA |
| v. | |
| SOUTHERN WINE & SPIRITS OF AMERICA, INC., a Florida Corporation, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted December 5, 2013**
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Nicolas Gonzalez appeals the district court's award of $99,395.11 in

attorney's fees, arguing that the district court abused its discretion by reducing

_____

     *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

class counsel's hourly rate by 24.4%, the lodestar hours by 55%, and failing to apply a multiplier. We agree, and we reverse and remand for recalculation of the attorney's fee amount.

The district court abused its discretion in applying federal law instead of California substantive law to the calculation of attorney's fees. Because the district court exercised diversity jurisdiction over this case, California substantive law applies to the calculation of the attorney fee award. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

California law requires that "an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001). Thus, on remand, the district court should include in the recalculated fee award all the hours counsel reasonably spent on attorney's fees.

California courts also continue to use the contingent risk factor in their multiplier analysis. *See, e.g.*, *Cates v. Chiang*, 153 Cal. Rptr. 3d 285, 312 (Cal. Ct. App. 2013) (quoting *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 579–80 (2004)). On remand, the district court should consider the fact that the case was taken on a contingency fee basis as a factor when determining the appropriate lodestar multiplier.

2

The district court abused its discretion when it reduced class counsel's rates by 24.4% across the board. It did so based solely on a single comparison to the rate class co-counsel charges and in contravention of the other evidence submitted relating to the prevailing hourly rates for comparable legal services in the community. *See Ketchum*, 24 Cal. 4th at 1132. The district court also did not "make a finding as to the reasonable hourly rate for *each* of Plaintiffs' attorneys, who varied in [skill, experience, and reputation]." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1206 (9th Cir. 2013) (emphasis added). It also abused its discretion by slashing counsel's hours by 55% without careful review of the attorney documentation of hours expended. *See Ketchum*, 24 Cal. 4th at 1132. In sum, there was no "careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case," required by California law. *Serrano v. Priest*, 20 Cal. 3d 25, 48 (1977).

Finally, the district court's failure to "explain why it chose to cut the number of hours or the lodestar by the specific percentage it did," *Maywood*, 729 F.3d at 1203, also requires us to reverse and remand. The court's failure to "justify the *specific* percentages it chose," *id.* at 1204 (emphasis added), forces us to conclude, based on the district court's limited explanation, that the 55% reduction in the lodestar was selected arbitrarily. *See id.*

We therefore reverse the district court's determination of the amount of attorney's fees awarded in this case, and we affirm its decisions to award attorney's fees and incentive fees, which the parties do not appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED. Each party shall bear its own costs on appeal.**

***Gonzalez v. Southern Wine & Spirits***, **No. 12-55808**
**Rawlinson, Circuit Judge, concurring in the result:**

I agree that this case should be remanded for the district court judge to more adequately explain the reasoning underlying his reduction of the attorney fees awarded to Plaintiff's counsel. I write separately to emphasize that I do not consider the *Laffey* matrix to be evidence of hourly rates in the local community. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ("[J]ust because the *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away. . . ."). Neither is counsel's affidavit sufficient, in and of itself, to establish prevailing rates in the community. *See Grove v. Wells Fargo*, 606 F.3d 577, 583 (9th Cir. 2010). The same is true of reliance on fees awarded in other cases. *See Graham-Sult v. Clainos*, 738 F.3d 1131, 1158 (9th Cir. 2013) (criticizing the practice of "[d]efining what is [a reasonable fee] by reference to other cases").

In sum, although I agree with the remand for the purpose of allowing the district court judge to further explain the reasoning behind his reduction of the requested attorney fees, in my view that explanation does not have to account for the *Laffey* matrix, counsel's affidavit regarding prevailing hourly rates, or fees

1

awarded in other cases.