RAWLINSON, Circuit Judge,
concurring in the result:
I agree that this ease should be remanded for the district court judge to more adequately explain the reasoning underlying his reduction of the attorney fees awarded to Plaintiffs counsel. I write separately to emphasize that I do not consider the Laffey matrix to be evidence of hourly rates in the local community. See Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir.2010) (“[J]ust because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away....”). Neither is counsel’s affidavit sufficient, in and of itself, to establish prevailing rates in the community. See Grove v. Wells Fargo, 606 F.3d 577, 583 (9th Cir.2010). The same is true of reliance on fees awarded in other cases. See Graham-Sult v. Clainos, 738 F.3d *706 1131, 1158 (9th Cir.2013) (criticizing the practice of “[d]efining what is [a reasonable fee] by reference to other cases”).
In sum, although I agree with the remand for the purpose of allowing the district court judge to further explain the reasoning behind his reduction of the requested attorney fees, in my view that explanation does not have to account for the Laffey matrix, counsel’s affidavit regarding prevailing hourly rates, or fees awarded in other cases.