**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN OSCAR,

          *Plaintiff-Appellant,*

v.

ALASKA DEPARTMENT OF
EDUCATION AND EARLY
DEVELOPMENT,

          *Defendant-Appellee.*

No. 07-35795

D.C. No.
CV-07-00066-RRB

OPINION

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted
August 7, 2008—Anchorage, Alaska

Filed September 3, 2008

Before: Dorothy W. Nelson, A. Wallace Tashima, and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge D. W. Nelson

**COUNSEL**

Megan K. Allison and David C. Fleurant, Disability Law Center of Alaska, Anchorage, Alaska, for the plaintiff-appellant.

Stephen C. Slotnick, Assistant Attorney General, Juneau, Alaska, for the defendant-appellee.

**OPINION**

D.W. NELSON, Senior Circuit Judge:

John Oscar filed a lawsuit under the Individuals with Disabilities Education Act ("IDEA") and 42 U.S.C. § 1983 against the Alaska Department of Education and Early Development ("DEED"). The lawsuit alleged that DEED violated his rights under the IDEA when it refused to accept his administrative complaint. DEED filed a successful Rule 12(b)(6) motion and the lawsuit was dismissed without prejudice because the administrative complaint was not signed. The district court awarded attorneys' fees to DEED as the prevailing party pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II), and this appeal ensued.

*BACKGROUND*

John Oscar is the father of a student with an individualized education plan ("IEP") in the Lower Kuskokwim School District. On April 5, 2007, Oscar sent an email to the Disability Law Center, Parents Inc., and DEED that expressed "grave disappointment that the Lower Kuskokwim School District (LKSD) ha[d] violated" his daughter's IEP. The letter outlined three concerns and "request[ed] a full investigation to resolve this issue."

The next day, two DEED employees called Oscar to discuss his concerns and they memorialized the conversation with an email summation. The email explained three avenues for seeking redress, which included contacting the school district, requesting mediation, and mailing a signed complaint to a specified address. Oscar responded by email, stating that he would "contact if further assistance is needed."

On April 13, 2007, an attorney from the Disability Law Center called DEED to discuss the status of Oscar's complaint. The written summation of the conversation included the three options explained to Oscar. The summation also acknowledged that "DEED does not consider the April 5 letter from Mr. Oscar a proper request for complaint as it is not signed and does not properly set out the issue in dispute."

On April 16, 2007, another attorney from the Disability Law Center mailed a letter to DEED requesting that DEED commence an investigation of the alleged IEP violation within sixty days of Oscar's original letter. This correspondence paraphrased all of the requirements of Alaska Admin. Code tit. 4, § 52.500 (2002)[1] and analyzed how Oscar's original let-

---

[1]Citations within this opinion reference the 2002 printing of the code, which was operational at the time the lawsuit was filed. Section 52.500 was amended while this case was pending. *See* Alaska Admin. Code tit. 4, § 52.500 (2007). The 2007 amendments require the department to inform the complainant of the procedural deficiencies of his or her complaint.

ter "appears to meet the complaint requirements." It stated that "Mr. Oscar has submitted his concerns in writing, dated the letter and included a typed signature."

The Commissioner of DEED responded to this letter by stating that he "disagree[d] with [the] characterization of events." He further indicated that he declined to discuss the situation with the Disability Law Center because its letter did not contain a declaration that it was representing Oscar. The Commissioner's letter closed by inviting the Disability Law Center to contact DEED "for help in properly filing a complaint on Mr. Oscar's behalf, if that is what you wish to accomplish."

On April 30, 2007, Oscar filed a lawsuit against DEED and the Commissioner. Oscar alleged that DEED had violated "its duty under the IDEA to administrator [sic] a state administrative complaint process and deprived Mr. Oscar of procedural protections under the IDEA." Oscar also alleged that Commissioner Sampson had violated Mr. Oscar's civil rights under the same theory.

DEED filed a motion to dismiss, arguing that Oscar had failed to state a claim upon which relief could be granted because § 52.500 requires that complaints be signed, and Mr. Oscar's complaint was not signed. On June 20, 2007, Oscar filed a motion for voluntary dismissal, explaining that his claim was now moot as he had filed a signed complaint with DEED. DEED opposed the voluntary dismissal, and requested that the court sign DEED's proposed order dismissing the case with prejudice.

On June 28, 2007, the district court granted DEED's motion to dismiss, stating:

> The State's motion to dismiss is GRANTED. Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff failed to submit a signed, writ-

> ten administrative complaint; therefore, his submission was insufficient as a matter of law. The Department correctly concluded that Mr. Oscar had not filed a complaint, and that he was required to submit a signed, written administrative complaint.

One week later, the court issued the judgment. The judgment dismissed the action without prejudice and awarded $6,465 in attorneys' fees to DEED.

## STANDARD OF REVIEW

"The district court's award of attorney's fees is reviewed for an abuse of discretion." *Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 861 (9th Cir. 2004). "The district court's underlying factual determinations are reviewed for clear error and its legal analysis relevant to the fee determination is reviewed de novo." *Id.*

## DISCUSSION

[1] Under the IDEA, a court may award reasonable attorneys' fees "to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous . . . ." 20 U.S.C. § 1415(i)(3)(B)(i)(II). Thus, the threshold question is whether the dismissal without prejudice conferred prevailing party status upon DEED under the IDEA.

[2] Our analysis begins with the definition of "prevailing party" set forth by the Supreme Court in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Res.*, 532 U.S. 598, 600 (2001). *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1167 (9th Cir. 2007).[2] In *Buck-*

---

[2]In light of our resolution of the prevailing party issue, we do not reach the issue of whether Oscar's complaint was frivolous.

*hannon*, the Supreme Court noted that prevailing party status requires that a party "received a judgment on the merits, or obtained a court-ordered consent decree." *Buckhannon*, 532 U.S. at 605 (internal citations omitted). Additionally, such relief must "create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Id.* at 604 (internal quotation marks omitted).

**[3]** First, we consider whether a dismissal without prejudice constitutes a judgment on the merits. We have repeatedly held that "a dismissal without prejudice is not a decision on the merits" for the purposes of res judicata. *Weinberg v. Whatcom County*, 241 F.3d 746, 750 (9th Cir. 2001); *see also Scholastic Entm't, Inc. v. Fox Entm't Group*, 336 F.3d 982, 989 n.4 (9th Cir. 2003). Although these cases are distinguishable because they address claim preclusion rather than attorneys' fees, they provide persuasive authority. We also find persuasive authority in *Star Northwest Inc. v. City of Kenmore*, which held that "a defendant is not a 'prevailing party' with regard to claims dismissed without prejudice." Nos. 06-35801 & 06-36029, 2008 WL 2230036, at *3 (9th Cir. May 28, 2008). Each of these decisions counsels against a conclusion that dismissal without prejudice confers success on the merits.

**[4]** Second, we consider whether a dismissal without prejudice alters the legal relationship of the parties. The Federal Circuit addressed this question in *RFR Industries, Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007). There the court concluded that "[a] plaintiff's voluntary dismissal without prejudice . . . does not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action." *Id.* The Seventh Circuit reached a similar conclusion in *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076 (7th Cir. 1987). There, the court concluded that "[a] dismissal without prejudice under Rule 41(a)(1)(i) does not decide the case on the merits" because a plaintiff may refile and "[t]he defendant remains at risk." *Id.* Although these cases involve voluntary rather than involuntary dis-

missal without prejudice, the risk of re-filing underlying their reasoning applies in both procedural postures. Thus we are persuaded that dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing.

We distinguish this case from *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003). In *Miles*, "the underlying case was dismissed 'without prejudice to Miles' right to seek any available relief in the state court.'" *Id*. Accordingly, we found that "[t]he dismissal eliminates the federal ADA claim from further proceedings in federal court and thus has changed the legal relationship of Miles with respect to the State." *Id*. This bar against further proceedings in federal court clearly distinguishes *Miles* from our present case. DEED remains at risk that Oscar will re-file his IDEA claim in federal court; therefore, the dismissal without prejudice did not alter the legal relationship of the parties.

**[5]** For the foregoing reasons, we hold that the dismissal without prejudice did not confer prevailing party status upon the defendant. Without prevailing party status, the defendant is ineligible for an award of attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i)(II). Therefore we reverse the district court and vacate the award of attorneys' fees.

**REVERSED AND VACATED.**