**INTERSCOPE RECORDS, a California general partnership; Capitol Records, Inc., a Delaware corporation; Sony Bmg Music Entertainment, a Delaware general partnership; Atlantic Recording Corp, a Delaware corporation; BMG Music, a New York general partnership; Virgin Records America Inc., a California corporation, Plaintiffs–Appellees,**

v.

**Dawnell LEADBETTER; Donald Leadbetter, Defendants–Appellants.**

**No. 07–35821.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2009.*

Filed Feb. 10, 2009.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

## MEMORANDUM **

Dawnell Leadbetter appeals from the denial of her motion pursuant to 17 U.S.C. Section 505 for attorney's fees and costs against appellees Interscope Records, et al. Appellees brought an action for copyright infringement against Ms. Leadbetter on June 24, 2005. On December 29, 2006 District Judge Lasnik granted appellees' motion to dismiss Ms. Leadbetter from the action without prejudice. Ms. Leadbetter subsequently sought attorney's fees, which District Judge Pechman denied because Ms. Leadbetter was not a "prevailing party" as is required by Section 505. 17 U.S.C. § 505. We review for abuse of discretion and we affirm. *See Oscar v. Ala. Dept. of Educ. and Early De,* 541 F.3d 978, 980–81 (9th Cir.2008).

The Supreme Court has held that a party may be accorded "prevailing party" status for purposes of statutory provisions providing for attorney's fees only when that party obtains judicial relief "creat[ing a] 'material alteration of the legal relationship of the parties.'" *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (quoting *Tex. State Teachers Assn. v. Garland Indep. School Dist.,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

Christian N. Oldman, Esquire, Lane Powell, PC, Seattle, WA, Timothy M. Reynolds, Esquire, Holme Roberts & Owen, LLP, Boulder, CO, James C. Ruh, Esquire, Jeffrey C. Blair, Esquire, Holme Roberts & Owen LLP, Denver, CO, for Plaintiffs–Appellees.

Kenneth R. Davis, Esquire, Lane Powell PC, Portland, OR, Lory R. Lybeck, Esquire, Lybeck Murphy, Mercer Island, WA, for Defendants–Appellants.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

This court has recently determined that a dismissal without prejudice does not constitute a material alteration in litigants' legal relationship as it leaves the plaintiff able to re-file his claims. *Oscar,* 541 F.3d at 981. Appellant attempts to distinguish her case from that in *Oscar* on the ground that the statute of limitations has expired for appellees' claims against her such that they lack the ability to re-file their claims. We reject this argument as no statute of limitations determination was requested or made by the district court. Barring such a judicial determination, appellees, as the plaintiff in *Oscar,* retain the legal ability to re-file. Therefore, *Oscar* controls.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.