MEMORANDUM **
Dawnell Leadbetter appeals from the denial of her motion pursuant to 17 U.S.C. Section 505 for attorney’s fees and costs against appellees Interscope Records, et al. Appellees brought an action for copyright infringement against Ms. Leadbetter on June 24, 2005. On December 29, 2006 District Judge Lasnik granted appellees’ motion to dismiss Ms. Leadbetter from the action without prejudice. Ms. Leadbetter subsequently sought attorney’s fees, which District Judge Pechman denied because Ms. Leadbetter was not a “prevailing party” as is required by Section 505. 17 U.S.C. § 505. We review for abuse of discretion and we affirm. See Oscar v. Ala. Dept. of Educ. and Early De, 541 F.3d 978, 980-81 (9th Cir.2008).
The Supreme Court has held that a party may be accorded “prevailing party” status for purposes of statutory provisions providing for attorney’s fees only when that party obtains judicial relief “creatpng a] ‘material alteration of the legal relationship of the parties.’ ” Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (quoting Tex. State Teachers Assn. v. Garland Indep. School Dist., 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). *52 This court has recently determined that a dismissal without prejudice does not constitute a material alteration in litigants’ legal relationship as it leaves the plaintiff able to re-file his claims. Oscar, 541 F.3d at 981. Appellant attempts to distinguish her case from that in Oscar on the ground that the statute of limitations has expired for appellees’ claims against her such that they lack the ability to re-file their claims. We reject this argument as no statute of limitations determination was requested or made by the district court. Barring such a judicial determination, appellees, as the plaintiff in Oscar, retain the legal ability to re-file. Therefore, Oscar controls.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.