

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABBEY DENTAL CENTER, | No.   18-15596 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-02069-GMN-PAL |
| v. | |
| CONSUMER OPINION, LLC, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted October 23, 2019**
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and BADE, Circuit Judges.

Consumer Opinion LLC appeals the district court's grant of Abbey Dental

Center, Inc.'s voluntary motion to dismiss pursuant to Federal Rule of Civil

Procedure 41(a)(2) and the district court's denial of Consumer Opinion's motion

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for attorney's fees pursuant to the Lanham Act, 15 U.S.C. § 1117(a), and Nevada Revised Statute ("NRS") § 41.670. Because the parties are familiar with the facts, we do need recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in granting Abbey Dental's voluntary motion to dismiss. "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation." *Id.* Moreover, "the expense incurred in defending a lawsuit does not amount to legal prejudice." *Id.*

Section 1117(a) of the Lanham Act provides that a district court may award reasonable attorney's fees to the prevailing party in exceptional cases. A district court should consider the totality of the circumstances to determine whether a case is exceptional, but the burden remains upon the party seeking fees to prove by a preponderance of the evidence that its case is exceptional. *See Sunearth, Inc. v.*

2

*Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016). The district court concluded that Consumer Opinion had "not present[ed] any argument as to why Plaintiff's case is exceptional under the Lanham Act other than just summarily alleging so." Because Consumer Opinion did not carry its burden, and the district court retained discretion to deny fees even if it had, Consumer Opinion suffered no legal prejudice.

Section 41.670 provides for a mandatory attorney's fee award when a district court grants an anti-SLAPP special motion to dismiss filed pursuant to NRS § 41.660. The district court determined that Consumer Opinion could not recover fees under NRS § 41.670 because the district court had not granted Consumer Opinion's special motion to dismiss. Because the district court's reasoning comports with the terms of the statute, the district court did not abuse its discretion by finding that dismissal would not prejudice Consumer Opinion's claim to fees under NRS § 41.670.

For similar reasons, we conclude that the district court did not abuse its discretion in declining to condition voluntary dismissal upon the payment of attorney's fees. *See Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). Rule 41(a)(2) does not provide an independent base of authority for imposing attorney's fees and costs. *See Heckethorn v. Sunan*, 992

3

F.2d 240, 242 (9th Cir. 1993). Courts can condition dismissal upon the payment of costs and fees only where justified by a statute or exception to the American Rule. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1481 n.25 (9th Cir. 1989).

No such statute or exception appears here. Because the district court dismissed the case without prejudice, which "d[oes] not confer prevailing party status," *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008), Consumer Opinion was not entitled to fees under § 1117(a) of the Lanham Act. Because the district court did not grant Consumer Opinion's special motion to dismiss, Consumer Opinion was not entitled to fees under NRS § 41.670(1)(a).

**AFFIRMED.**