**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC., | No. 18-15919 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02704-JCM-PAL |
| v. | |
| TRACY CORDOBA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 14, 2020**
Portland, Oregon

Before: BYBEE and VANDYKE, Circuit Judges, and CHHABRIA,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Vince Chhabria, United States District Judge for the
Northern District of California, sitting by designation.

Plaintiff-Appellant Criminal Productions, Inc. (Criminal) sued Defendant-Appellee Tracy Cordoba under the Copyright Act of 1976 for allegedly violating its copyright on the film "Criminal." After refusing Cordoba's repeated offers to cooperate and settle, Criminal voluntarily dismissed its suit against Cordoba. Cordoba then filed a motion for attorneys' fees, which the district court granted, concluding that (1) Cordoba was the "prevailing party" in the litigation and (2) Cordoba was deserving of attorneys' fees because of Criminal's use of unreasonable litigation tactics.[1] We review an award of attorneys' fees for an abuse of discretion. *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 980–81 (9th Cir. 2008). We review factual determinations underlying a fee award for clear error and the related legal analysis de novo. *Id.* at 981. Because we conclude that Cordoba was not the prevailing party as a matter of law, we reverse.

The Copyright Act of 1976 allows an award of "reasonable attorney's fee[s] to the prevailing party." 17 U.S.C. § 505. For a party to prevail, it must (1) obtain a "material alteration of the legal relationship of the parties" that is (2) "judicially

---

[1] Cordoba moved for attorneys' fees under both the Copyright Act and Federal Rule of Civil Procedure 68. The district court only granted attorneys' fees under the Copyright Act; it did not rule on the Rule 68 motion. Cordoba has likely waived the issue of Rule 68 attorneys' fees, *see Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066–67 (9th Cir. 1996), but even if she hadn't, she is not entitled to attorneys' fees under Rule 68 because Criminal did not obtain final judgment in this case, Fed. R. Civ. P. 68(d).

2

sanctioned." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001). Cordoba has satisfied neither requirement.

Cordoba did not obtain a material alteration in her legal relationship to Criminal because the suit against her was dismissed without prejudice. *Oscar*, 541 F.3d at 981 ("[D]ismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing."). Cordoba does not contest this fact. Instead, she urges this court to conclude that in light of the Supreme Court's recent decision in *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642 (2016), the material-alteration requirement no longer applies to defendants seeking attorneys' fees. But Cordoba misreads that decision. The Court in *CRST* held that a party could be a "prevailing party" by obtaining a non-merits judgment, *id*. at 1646; it did not hold that the material-alteration requirement no longer existed. Indeed, post-*CRST*, the material-alteration requirement continues to apply. *See*, *e.g.*, *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017) (asking whether a defendant seeking attorneys' fees "won a significant victory and permanently changed the 'legal relationship of the parties'" (quoting *CRST Van Expedited, Inc.*, 136 S. Ct. at 1646)); *Wood v. Burwell,* 837 F.3d 969, 974 (9th Cir. 2016) (analyzing whether a

3

plaintiff seeking attorneys' fees obtained "a material alteration in the parties' legal relationship"). Cordoba did not satisfy this requirement, and so she may not be considered the prevailing party.

Alternatively, Cordoba cannot be considered the prevailing party because the resolution of the suit against her was not "judicially sanctioned." *Buckhannon*, 532 U.S. at 605. "[A] party must have a judgment or something similar *formally* delivered in its favor to be considered 'prevailing.'" *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 567 F.3d 1128, 1131 (9th Cir. 2009) (emphasis in original). Here, Criminal voluntarily dismissed its suit against Cordoba without judicial involvement. *See Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (holding that voluntary dismissal "is effective on filing and no court order is required" to effectuate it). Thus, Cordoba has also failed to satisfy the second *Buckhannon* requirement, and for this independent reason, she may not be considered the prevailing party.

Because she was not the prevailing party, Cordoba was not entitled to attorneys' fees under the Copyright Act.[2]

---

[2] We note that if the district court believes that Criminal otherwise engaged in litigation misconduct, it may pursue other avenues—including sanctions—to rectify any harm this misconduct may have caused. We express no opinion on this matter.

**REVERSED**.