**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000625
29-SEP-2022
09:41 AM
Dkt. 123 SO**</span>

NO. CAAP-18-0000625

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

LILIHA PROFESSIONAL BUILDING, LLC, a Hawaii limited
liability corporation, Plaintiff-Appellant/Cross-Appellee,
v.
NADA, ONO, KA‘ANEHE, SOLOMON & HAYASHI LLP;
LEILANI KA‘ANEHE, AARON K. NADA, and DAVID ONO,
Defendants-Appellees/Cross-Appellants,
and
DELPHINE WONG AND DEBORAH KOBAYASHI,
CO-TRUSTEES OF THE WILLIE & DELPHINE WONG TRUST,
Intervenors-Appellees/Cross-Appellees

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC18-1-1966)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Wadsworth and Nakasone, JJ.)

Defendants-Appellees/Cross-Appellants Nada, Ono, Ka‘anehe, Solomon & Hayashi LLP (**Nada Ono LLP**), Leilani Ka‘anehe, Aaron K. Nada, and David Ono (collectively, **Defendants**) cross-appeal from the August 30, 2018 "Order Regarding Award of Attorneys' Fees and Costs and Distribution of Monies Held in the Rent Trust Fund" (**Order Regarding Fees**), entered in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Plaintiff-Appellant/Cross-Appellee Liliha Professional Building, LLC (**LPB**) initially appealed from the District Court's July 13, 2018 order granting Intervenors-Appellees/Cross-Appellees Delphine Wong and Deborah Kobayashi, Co-Trustees of the Willie &

---

[1] The Honorable Hilary Benson Gangnes presided.

Delphine Wong Trust's (collectively, **Trustees**) motion to dismiss LPB's complaint (**Dismissal Order**).  However, on June 12, 2019, this court entered an order approving the parties' stipulation to dismiss LPB's appeal, leaving only Defendants' cross-appeal pending before this court.

The District Court dismissed LPB's complaint without prejudice due to lack of subject matter jurisdiction, after Trustees intervened and raised a title issue regarding the real property that Nada Ono LLP had leased from LPB.  See Hawaii Revised Statutes (**HRS**) § 604-5(d) (2016).  Following the dismissal, Defendants filed a motion for attorneys' fees and costs and for an order distributing funds from a court-ordered rental trust fund.  Defendants sought an award of attorneys' fees under HRS § 607-14[2] and an award of costs under HRS § 607-9[3] and Hawaiʻi District Court Rules of Civil Procedure (**DCRCP**) Rule 54(d),[4] as prevailing parties in the case.  In the Order

---

[2]    HRS § 607-14 (2016) provides in relevant part:

In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee.  The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

. . . .

The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

[3]    HRS § 607-9 (2016) provides in relevant part:  "All actual disbursements, . . . sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs.  In determining whether and what costs should be taxed, the court may consider the equities of the situation."

[4]    DCRCP Rule 54(d) states in relevant part:  "Except when express provision therefor is made either in a statute or in these rules, costs shall
(continued...)

Regarding Fees, the District Court denied Defendants' motion for attorneys' fees and costs, concluding, among other things, that the court lacked jurisdiction to award such fees and costs and, further, that neither Defendants nor Trustees were prevailing parties.

On cross-appeal, Defendants raise two points of error, contending that: (1) the District Court abused its discretion in failing to award attorneys' fees and costs to Nada Ono LLP after wrongly concluding that the court lacked jurisdiction to do so; and (2) the District Court erred in concluding that Nada Ono LLP was not a prevailing party.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Defendants' contentions as follows.

(1) Defendants contend that the District Court wrongly concluded that it lacked jurisdiction to award attorneys' fees and costs to Nada Ono LLP.

"The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard." Lingle v. Hawaiʻi Gov't Employees Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawaiʻi 178, 182, 111 P.3d 587, 591 (2005).

In the Order Regarding Fees, the District Court stated in part:

> The court dismissed the case without prejudice because the court found it lacked subject matter jurisdiction. . . .
>
> . . . .
>
> . . . [LPB] argues that . . . the court has no jurisdiction to award attorney's fees because it lacked subject matter jurisdiction at the outset of the case, relying on Skanning v. Sorensen, 679 F. Supp. 2d 1220 (2010). . . . In the present case, [Trustees'] Motion to Dismiss was based on the court's lack of subject matter jurisdiction, because title is alleged to be at issue. By granting [Trustees'] motion and dismissing the case without prejudice, this court agreed that it lacks jurisdiction over the case, and thus also lacks the power to award attorney's fees related to this case.

---

⁴/ (...continued)
be allowed as of course to the prevailing party unless the court otherwise directs[.]"

Defendants argue that the District Court's reliance on federal case law is misplaced, and that under Hawaiʻi law, the District's Court's dismissal of the complaint for lack of subject matter jurisdiction did not deprive the court of jurisdiction to award attorneys' fees and costs.

In <u>Sheehan v. Grove Farm Co., Inc.</u>, 114 Hawaiʻi 376, 395, 163 P.3d 179, 198 (App. 2005), this court affirmed the circuit court's award of costs to the defendants under Hawaiʻi Rules of Civil Procedure Rule 54(d) where the court had dismissed the case based on a lack of subject matter jurisdiction. We relied on the supreme court's ruling in <u>Wong v. Takeuchi</u>, 88 Hawaiʻi 46, 961 P.2d 611 (1998), that "a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party[,]" and noted that this ruling had been reaffirmed in <u>Blair v. Ing</u>, 96 Hawaiʻi 327, 331, 31 P.3d 184, 188 (2001), and <u>Ranger Ins. Co. v. Hinshaw</u>, 103 Hawaiʻi 26, 31-32, 79 P.3d 119, 124-25 (2003). <u>Sheehan</u>, 114 Hawaiʻi at 395, 163 P.3d at 198. We expressly rejected the argument that the circuit court's dismissal of the <u>Sheehan</u> complaint based on lack of subject matter jurisdiction rendered <u>Wong</u> and <u>Blair</u> distinguishable. <u>Id.</u> We reasoned: "The holding of <u>Wong</u> is clear on its face: any dismissal, regardless of basis, generally renders the defendant the prevailing party for purposes of awarding costs (and attorneys' fees)."[5] <u>Id.</u>

LPB's reliance on <u>Hawaii Mgmt. All. Ass'n v. Ins. Comm'r</u>, 106 Hawaiʻi 21, 100 P.3d 952 (2004) (**<u>HMAA</u>**), is misplaced. There, the supreme court vacated a circuit court judgment and orders of the Insurance Commissioner awarding an insurance claimant attorneys' fees and costs against HMAA pursuant to HRS § 432E-6(e), a provision of Hawaii's external review statute

---

[5] In <u>Oahu Publications, Inc. v. Abercrombie</u>, 134 Hawaiʻi 16, 22, 332 P.3d 159, 165 (2014), the supreme court subsequently ruled that an appellee was not the prevailing party on appeal for the purpose of awarding attorneys' fees where an initial appeal to this court was dismissed for lack of appellate jurisdiction because of a defect in the judgment. We discuss <u>Oahu Publications</u> below, in addressing the prevailing-party issue raised in the second point of error. We note, however, for purposes of our jurisdictional analysis that <u>Oahu Publications</u> is silent on whether this court retained jurisdiction to award fees after dismissing the initial appeal for lack of appellate jurisdiction.

authorizing the commissioner to award attorneys' fees and costs incurred in connection with the external review procedure.  Id. at 23, 25, 100 P.3d at 954, 956.  The supreme court ruled that HRS § 432E-6 was preempted by the Employee Retirement Income Security Act of 1974, and the Insurance Commissioner thus lacked jurisdiction to consider the claimant's claim and to award him attorneys' fees and costs.  Id. at 23, 34-36, 100 P.3d at 954, 965-67.  That ruling does not apply here, where neither LPB nor the District Court have asserted that HRS § 607-14 or DCRCP Rule 54(d) are preempted by a federal statute.

Based on this Court's ruling in Sheehan, the District Court's dismissal of the complaint without prejudice for lack of subject matter jurisdiction did not divest the court of jurisdiction to award attorneys' fees and costs under applicable Hawaiʻi law.  The District Court's contrary conclusion was error.

(2) Defendants also contend that the District Court erroneously concluded that Nada Ono LLP was not a prevailing party for purposes of awarding attorneys' fees under HRS § 607-14 and costs under DCRCP Rule 54(d).

This court reviews the denial or grant of attorney's fees and costs under the abuse of discretion standard.  See Deutsche Bank Nat'l Trust Co. v. Kozma, 140 Hawaiʻi 494, 497-98, 403 P.3d 271, 274-75 (2017); Oahu Publications, 134 Hawaiʻi at 22, 332 P.3d at 165.  "An abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  Oahu Publications, 134 Hawaiʻi at 22, 332 P.3d at 165 (brackets omitted) (quoting Ranger Ins. Co., 103 Hawaiʻi at 30, 79 P.3d at 123).

In the Order Regarding Fees, the District Court stated in part:

> Neither [the Trustees] nor Defendants are prevailing parties in this case. . . .  [T]he court dismissed the case without prejudice when [Trustees] raised title as an issue and deprived the court of jurisdiction.  The merits of the parties' claims can and may be further litigated in an appropriate court.  No final judgment has been or will be entered by this court.
>
> . . . .

5

> . . . Since the claims in this case can be further litigated and the court lacks subject matter jurisdiction, neither Defendants nor [Trustees] are prevailing parties. Therefore, the court declines to award fees or costs to any party.

Defendants argue that the supreme court in <u>Blair</u>, and this court in <u>Sheehan</u>, rejected the same reasoning employed by the District Court here, *i.e.*, that no party was the prevailing party because the court did not reach a decision on the merits. LPB, on the other hand, argues that <u>Sheehan</u> and its predecessors must be read in light of the supreme court's subsequent decision in <u>Oahu Publications</u>, 134 Hawaiʻi at 16, 332 P.3d at 159. We conclude that, to the extent <u>Sheehan</u> and <u>Oahu Publications</u> conflict on the issue of "prevailing party," we must apply the supreme court's ruling and analysis in <u>Oahu Publications</u>.

In <u>Oahu Publications</u>, the supreme court analyzed prior Hawaiʻi case law addressing prevailing-party issues in various attorney-fee contexts, as well as analogous federal law. <u>See</u> <u>id.</u> at 24-26, 332 P.3d at 167-69. The court concluded that an appellee was not a "prevailing party" on appeal where the appeal was dismissed without prejudice to the appellant filing another appeal after a flaw in the judgment was corrected. <u>Id.</u> at 25-26, 332 P.3d at 168-69. The court recognized that "[i]n general, the litigant in whose favor judgment is rendered is the prevailing party[,]" and "[t]here is no requirement that the judgment in favor of the prevailing party be a ruling on the merits." <u>Id.</u> at 24, 332 P.3d at 167 (internal quotation marks omitted) (quoting <u>Wong</u>, 88 Hawaiʻi at 49, 961 P.2d at 614). On the facts before it, however, the court reasoned that the appellee was not a prevailing party because "the ICA's dismissal of the first appeal did not finally resolve the . . . case," and "[t]he [appellant] was free to file a second appeal once the circuit court corrected the judgment[.]" <u>Id.</u> at 25, 332 P.3d at 168. The court distinguished <u>Wong</u> and <u>Ranger Ins. Co.</u> as involving dismissals that finally resolved those cases.[6] <u>See</u> <u>id.</u>

---

[6] The court also distinguished <u>Blair</u>, observing that the defendant in that case affirmatively moved to dismiss the complaint, whereas Oahu Publications had not sought dismissal of the first appeal. <u>See</u> <u>Oahu Publications</u>, 134 Hawaiʻi at 25, 332 P.3d at 168; <u>see also</u> <u>Blair</u>, 96 Hawaiʻi at
(continued...)

The Oahu Publications court also relied on a line of federal cases concluding that a "material alteration of the legal relationship of the parties is necessary to permit an award of attorney's fees." Id. at 26, 332 P.3d at 169 (brackets omitted) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)). As relevant here, the supreme court further noted that "[c]ourts have . . . concluded that a dismissal without prejudice does not alter the legal relationship of the parties 'because the defendant remains subject to risk of re-filing.'" Id. (quoting Oscar v. Alaska Dep't. of Educ. & Early Dev., 541 F.3d 978, 981 (9th Cir. 2008)). The supreme court stated that "[t]hese cases therefore also support our conclusion that [the appellee] had not prevailed upon dismissal of the first appeal because there was no 'material alteration of the legal relationship of the parties,' and it remained at risk that [the appellant] would file another appeal . . . ." Id.

The supreme court's reasoning in Oahu Publications applies here in analyzing the effect of the Dismissal Order. The District Court dismissed LPB's complaint without prejudice, and LPB was free to re-file substantially similar claims in the circuit court, and depending on the outcome of such litigation, another summary possession claim in the District Court.[7] The Dismissal Order did not "ultimately" or "finally" resolve any issue, other than the jurisdictional issue that arose after Trustees intervened and asserted a title claim. See id. at 25-26, 332 P.3d at 168-69. As in Oahu Publications, there was "no material alteration of the legal relationship of the parties"

---

[6] (...continued) 328, 31 P.3d at 185 (noting that the supreme court had upheld dismissal of the complaint because the defendant "owed Plaintiffs no duty" as a matter of law).

[7] The complaint asserted claims for summary possession and damages, based on allegations that Defendants had failed to pay rent for certain office space owned by LPB. Trustees intervened, alleging an ownership interest in LPB and an impending transfer of the subject property to the Trust. Defendants point out in their reply brief that following the Dismissal Order, the summary possession claim could not be asserted in another court. Defendants acknowledge, however, that LPB could again assert a summary possession claim in the District Court after resolving the dispute between LPB's members for control and ownership of LPB in another court. Defendants further acknowledge that LPB's "monetary claims," *e.g.*, damages for unpaid rent, could be "further litigated in another court."

where Defendants remained at risk that LPB would file another suit. Id. at 26, 332 P.3d at 169.

The District Court did not cite Oahu Publications in determining that Defendants were not prevailing parties for purposes of awarding attorneys' fees and costs. However, the District Court's analysis of the Dismissal Order, as not finally resolving the parties' claims, was consistent with the principles stated in Oahu Publications. In these circumstances, we cannot say that the District Court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant in concluding that Defendants were not prevailing parties for purposes of awarding attorneys' fees and costs. Accordingly, the District Court did not abuse its discretion in declining to award attorneys' fees and costs to Nada Ono LLP on that basis.

For the reasons discussed above, we vacate that part of the District Court's August 30, 2018 "Order Regarding Award of Attorneys' Fees and Costs and Distribution of Monies Held in the Rent Trust Fund" that concluded the court lacked jurisdiction or power to award attorneys' fees and costs in this case; we affirm the same August 30, 2018 order in all other respects.

DATED: Honolulu, Hawaiʻi, September 29, 2022.

On the briefs:

Philip J. Leas, Kirk M. Neste,
and Darene K. Matsuoka
(Cades Schutte, A Limited
Liability Law Partnership)
for Defendants-Appellees/
Cross-Appellants.

Robert H. Thomas and
Veronica A. Nordyke
(Damon Key Leong Kupchak
Hastert)
for Plaintiff-Appellant/
Cross-Appellee.

Michael C. Carroll and
James G. Diehl
(Bays Lung Rose & Holma)
for Intervenors-Appellees/
Cross-Appellees.

Lisa M. Ginoza
Chief Judge

Clyde J. Wadsworth
Associate Judge

Karen T. Nakasone
Associate Judge