**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON FRITCH, an Arizona resident,

    Plaintiff-Appellant,

  v.

ORION MANUFACTURED HOUSING SPECIALISTS INCORPORATED, an Arizona company; L. JAMES MILLER, an Arizona resident,

    Defendants-Appellees.

No.   23-4360

D.C. No.
4:21-cv-00509-JGZ-JR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted September 9, 2024[**]
Phoenix, Arizona

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,[***] District Judge.

Plaintiff Jason Fritch ("Fritch") sued his employer, Orion Manufactured Housing Specialists, Inc., to recover unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). The parties settled the case, agreeing that Fritch was the prevailing party and would receive $7,500 in damages plus attorney's fees and costs to be determined by the district court. The district court awarded Fritch the sum of $25,000 in attorney's fees—far less than he sought—and he appealed. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the pertinent facts and procedural history of this case, we do not recount either in detail.

Fritch challenges the award of attorney's fees, contending that the district court erred both in calculating the lodestar amount and in reducing the fee below the lodestar.

We review the district court's award of attorney's fees for abuse of discretion. *See, e.g.*, *Edmo v. Corizon, Inc.*, 97 F.4th 1165, 1168 (9th Cir. 2024). Under this standard of review, we must "affirm unless the district court applied the wrong legal standard or its findings were illogical, implausible, or without support in the record."

---

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

*Gonzalez v. City of Maywood*, 729 F.3d 1196, 1201-02 (9th Cir. 2013) (citation omitted). We must also consider "whether the district court met its obligation 'to articulate . . . the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar.'" *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001) (alteration in original) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). "The district court's underlying factual determinations are reviewed for clear error and its legal analysis relevant to the fee determination is reviewed de novo." *Oscar v. Alaska Dep't of Educ.& Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008) (citation omitted).

Although we might have made a different (i.e., greater) award had we been the district judge in this case, we cannot say under the applicable standard of review that the district court abused its discretion. In particular, the district court did not apply the wrong legal standard; its findings are not illogical, implausible, or without support in the record; and it articulated the reasons for its findings regarding the propriety of the hours claimed and for the adjustments it made to Fritch's claimed hours and to the lodestar. Fritch has failed to demonstrate that the award should be disturbed.

**AFFIRMED**.